**UNITED STATES of America,**
**Appellee,**

v.

**Gerald SANJURJO, Appellant.**

**No. 983, Docket 73–1533.**

United States Court of Appeals, Second Circuit.

Argued June 1, 1973.

Decided June 18, 1973.

Michael A. Young, New York City, Legal Aid Society (The Legal Aid Society, Robert Kasanof, New York City, on the brief), for appellant.

George E. Wilson, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., John W. Nields, Jr., Asst. U. S. Atty., on the brief), for appellee.

Before MOORE, FRIENDLY and FEINBERG, Circuit Judges.

PER CURIAM:

Gerald Sanjurjo appeals from a judgment of the United States District Court for the Southern District of New York, Sylvester J. Ryan, J., convicting him, after a plea of guilty, of knowingly failing to keep his local Selective Service board advised at all times of the address where mail would reach him. 50 App.

U.S.C. § 462(a). The only issues on appeal concern appellant's sentence, which he has already begun to serve.[1] Appellant argues to us that the trial judge punished him because he was a drug addict rather than because he had violated the Selective Service Act, thereby imposing a cruel and unusual punishment, that the judge erred in failing to consider various sentencing alternatives, including commitment under the Narcotic Addict Rehabilitation Act (NARA), 18 U.S.C. § 4251 et seq., and that the judgment and commitment must be corrected to conform to the oral pronouncement of sentence.

 On this record, we do not find the first argument persuasive. True, when defense counsel argued that the Selective Service violation was minor, the judge responded that he was "not punishing him for that." But the entire sentencing colloquy, fairly read, shows that the judge was only emphasizing that the defendant's drug problems were of utmost significance in determining an appropriate sentence. Surely this was only common sense. As for the second argument, the judge could, in his discretion, reject the various sentencing alternatives discussed in colloquy with defense counsel, which included commitment of Sanjurjo for a 90-day psychiatric study under 18 U.S.C. § 4208, treatment under various drug programs— voluntary and involuntary, state and federal—and a direction under 18 U.S.C. § 4208(a)(2) that appellant be eligible for immediate parole. It is true that the judge never mentioned NARA, undoubtedly because no one suggested it to him. That failure would ordinarily pose the question whether appellant can complain at all in this court regarding the failure to consider NARA, cf. United States v. Clark, 475 F.2d 240, 251 n. 15 (2d Cir. 1973), but we put that issue to one side because we must remand in any event, and the district judge can then be asked to consider NARA.

 As indicated, we believe that there is a substantial question regarding the formal judgment and commitment, which orders Sanjurjo "committed . . . for imprisonment for a period of THREE (3) Years with the recommendation for treatment of defendant's drug addiction." While some of the judge's statements might be construed as ordering a sentence of three years imprisonment with normal parole opportunities, the judge did say that he was sentencing defendant "for three years . . . and you will be released after one year of service, and the balance of time you will be on parole, on which you will receive two years . . . ." Appellant says that this shows that the judge intended to imprison him for only one year, followed by a supervised period of two years. Ordinarily we might consider resolving such ambiguities in favor of defendant[2] and allowing the oral pronouncement to control.[3] But, as we understand the applicable law, if the judge wanted to impose on this one-count conviction a "split sentence" of a specified period of incarceration followed by probation, the prison term could not exceed six months. 18 U.S.C. § 3651; see United States v. Wertheimer, 434 F.2d 1004, 1006 (2d Cir. 1970). Accordingly, we believe that the best course to follow is to remand the case to the district judge to clarify the sentence.

Case remanded for proceedings consistent with this opinion. The mandate shall issue forthwith.

---

1. For that reason, the appeal was expedited.

2. See, e. g., Gaddis v. United States, 280 F.2d 334, 336 (6th Cir. 1960) (per curiam) ; Aderhold v. McCarthy, 65 F.2d 452, 453 (5th Cir. 1933).

3. See, e. g., Chunn v. United States, 462 F.2d 1100, 1102 n. 4 (5th Cir. 1972) (per curiam) ; United States v. Hicks, 455 F.2d 329, 330 (9th Cir. 1972) (per curiam).