**UNITED STATES of America, Appellee,**

v.

**David STEVENS, Defendant–Appellant,**

**Andjlane Ahamada, also known as Andy; Linda Smith; Perry Charles Kellum, and Kerry Samuel Kellum, Defendants.**

**No. 791, Docket 94–1254.**

United States Court of Appeals, Second Circuit.

Argued Jan. 5, 1995.

Decided Sept. 12, 1995.

Frank Handelman, New York City, for defendant-appellant.

James E. Johnson, Assistant United States Attorney for the Southern District of New York, New York City (Mary Jo White, United States Attorney, Paul A. Engelmayer, Assistant United States Attorney, New York City, of counsel), for appellee.

Before: MAHONEY, LEVAL, and CALABRESI, Circuit Judges.

MAHONEY, Circuit Judge:

Defendant-appellant David Stevens appeals from the sentence imposed by a judgment entered April 26, 1994 in the United States District Court for the Southern District of New York, Kevin T. Duffy, *Judge.* Stevens was initially convicted, following a jury trial, of conspiracy to possess and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. His conviction was affirmed on appeal, but his sentence was

vacated and the case was remanded for resentencing. *See United States v. Stevens,* 985 F.2d 1175 (2d Cir.1993) ("*Stevens I*"). Upon remand, Stevens and the government entered into a stipulation dated January 28, 1994 (the "Stipulation") regarding a number of sentencing issues, and sentence was again imposed, consisting principally of 293 months imprisonment, a life term of supervised release, and a $2,000,000 fine.

Stevens again appeals his sentence, contending that the district court: (1) improperly apportioned his sentence, pursuant to 18 U.S.C. § 3147 and USSG § 2J1.7, between the underlying narcotics offenses and the three-level enhancement provided by § 2J1.7 for commission of the narcotics offenses while on release, because a greater sentence was attributed to the underlying offenses than would be permitted under the Guidelines absent the enhancement; (2) failed to give Stevens an opportunity to provide evidence of his inability to pay a fine; and (3) failed to provide Stevens with proper notice of its intention to depart upward and impose a life term of supervised release. Stevens also asks us to assign his case on remand to a different district judge.

The government concedes in its appeal brief that a remand is appropriate regarding the supervised release issue; and conceded in a preargument motion that remand is also appropriate regarding the fine issue. However, it contends with respect to the apportionment issue that: (1) Stevens has waived his right to appeal this issue because of a waiver-of-appeal provision in the Stipulation; and (2) in any event, the district court correctly decided the issue. Stevens contends in response that he did not knowingly waive his right of appeal.

We conclude that the sentence included errors as to (1) the allocation of the enhancement under Guideline § 2J1.7, (2) the imposition of the fine, and (3) the failure to give notice of departure in imposing the lifetime of supervised release. As to the allocation of the enhancement, however, the Stipulation waived appeal of that issue. We cannot tell on the record presented whether Stevens knowingly entered into the Stipulation. We remand for a determination whether Stevens knowingly entered into the Stipulation (if Stevens opts to seek that determination on remand) and for correction of the unwaived sentencing errors.

## Background

The factual background of this case is comprehensively detailed in *Stevens I,* 985 F.2d at 1177–79. We relate only those facts necessary to an understanding of the issues presented on this appeal.

In 1990, Stevens was arrested for his participation in a stolen-car ring, entered into a cooperation agreement with the government, provided information leading to the indictment of a coconspirator, Rafael Perez, and pled guilty to a lesser vehicular charge. *Id.* at 1177. Perez, in turn, entered into a cooperation agreement with the government, which ultimately resulted in Stevens' arrest and conviction for conspiracy to possess and possession with intent to distribute heroin. *Id.* at 1177–79.

The district court sentenced Stevens to a prison term of 405 months. The court calculated Stevens' total offense level as 39, comprised of a base offense level of 28, representing Stevens' negotiation to sell 500 grams of heroin, USSG § 2D1.1(c), as well as a four-level enhancement for his role as an organizer of a criminal enterprise involving five or more people, USSG § 3B1.1(a); a three-level enhancement reflecting his commission of the crime while on release prior to being sentenced for the vehicular offense, USSG § 2J1.7; a two-level enhancement for possession of a firearm during the offense, USSG § 2D1.1(b)(1); and a two-level enhancement for obstruction of justice based upon a finding that Stevens had perjured himself at trial, USSG § 3C1.1. *See Stevens I,* 985 F.2d at 1182. Combined with a criminal history category ("CHC") of III, this offense level resulted in a sentencing range of 324–405 months imprisonment. Judge Duffy sentenced Stevens to the top sentence of that range, as well as a life term of supervised release and a $2,000,000 fine. *Id.*

We vacated the sentence on numerous grounds. As presently pertinent, we instructed the district court: (1) to (a) give

Stevens an opportunity to provide evidence as to whether, or to what extent, he is financially unable to pay a fine, and (b) consider the appropriate factors in determining whether or not to impose a fine, and if so, in what amount, *id.* at 1188, 1189; (2) to indicate what portion of Stevens' prison term was attributable to the underlying offense and what portion was attributable to the § 2J1.7 enhancement "and is thus to run consecutively to any other sentence of imprisonment" pursuant to 18 U.S.C. § 3147, 985 F.2d at 1189–90; and (3) to give Stevens notice of the court's intention to depart upwardly from the prescribed range of four to five years supervised release, *see* 21 U.S.C. § 841(b)(1)(B); USSG § 5D1.2(a), and provide with respect to any resulting departure a brief statement of the reasons for the departure and its extent, 985 F.2d at 1190.

Following remand, it appears that Stevens, his attorney, and two representatives of the government executed the Stipulation, which resolved as between the parties all open issues regarding the calculation of Stevens' offense level and CHC. The Stipulation resulted in a total offense level of 37, a CHC of II, and a sentencing range of 253–293 months imprisonment.

The Stipulation contains a provision that "neither party will appeal a sentence by the Court that falls within the sentencing range/offense level calculated [in the Stipulation], even should the Court and/or Probation Department reach that range/offense level by a Guidelines analysis different from that set forth [in the Stipulation]." The agreement was silent with respect to supervised release and the fine.

At resentencing, the court made no inquiry of Stevens as to whether he had read, understood, signed, or agreed to the Stipulation. The court imposed a sentence of 292 months imprisonment attributable to "count one," plus a consecutive term of one month attributable to "count two," for a total of 293 months. In signing the judgment, the court added a fine of $2 million and a life term of supervised release. There was no inquiry into Stevens' ability to pay the fine, and no statement of reasons for the upward departure from the guideline term of supervised release.

This appeal followed.

### Discussion

#### A. The § 2J1.7 Apportionment.

The district court sentenced Stevens to a prison term of 292 months, plus an additional consecutive month, for a total of 293 months. Stevens does not appeal the 293 month total, which falls within the range agreed upon in the Stipulation, but argues that Judge Duffy apportioned it improperly. Section 3147 requires that a person who commits an offense while on release receive an additional prison term, consecutive to the sentence for the offense of conviction. It provides:

> A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to—
>
> (1) a term of imprisonment of not more than ten years if the offense is a felony; or
>
> (2) a term of imprisonment of not more than one year if the offense is a misdemeanor.
>
> A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

*Id.*

The Guidelines account for this requirement by imposing a three-level enhancement. USSG § 2J1.7 provides:

> If an enhancement under 18 U.S.C. § 3147 applies, add 3 levels to the offense level for the offense committed while on release as if this section were a specific offense characteristic contained in the offense guideline for the offense committed while on release.

Using Stevens's facts as a hypothetical example, his aggregate offense level of 34, absent the § 2J1.7 enhancement, with a CHC of II, would call for a 168–210 month prison term. If the offense had been committed while on release, section 3147 would require an additional term of up to ten years. This is accomplished under § 2J1.7 by a three-level enhancement, which brings the total

offense level to 37, and the relevant imprisonment range to 235–293 months.

Because § 3147 requires that the enhancement be consecutive, commentary to § 2J1.7 provides:

> Under 18 U.S.C. § 3147, a sentence of imprisonment must be imposed in addition to the sentence for the underlying offense, and the sentence of imprisonment imposed under 18 U.S.C. § 3147 must run consecutively to any other sentence of imprisonment. Therefore, the court, in order to comply with the statute, should divide the sentence on the judgment form between the sentence attributable to the underlying offense and the sentence attributable to the enhancement. The court will have to ensure that the "total punishment" (*i.e.,* the sentence for the offense committed while on release plus the sentence enhancement under 18 U.S.C. § 3147) is in accord with the guideline range for the offense committed while on release, as adjusted by the enhancement in this section. For example, if the applicable adjusted guideline range is 30–37 months and the court determines "total punishment" of 36 months is appropriate, a sentence of 30 months for the underlying offense plus 6 months under 18 U.S.C. § 3147 would satisfy this requirement.

USSG § 2J1.7, comment. (n. 2).

Before addressing Stevens' specific contention of error, we note that there was lengthy colloquy at resentencing between the district court and counsel concerning both the interplay between § 2J1.7 and § 3147, and our explanation of that interplay in *Stevens I,* 985 F.2d at 1189–90. Although the district court ultimately apportioned the 293–month sentence, the court questioned whether § 2J1.7 in some respect improperly amended § 3147 by eliminating the statutory enhancement. In our view, however, our decision in *Stevens I,* which noted that the three-level enhancement had been included in Stevens' total offense level, 985 F.2d at 1189, and instructed the district court to "state [on remand] what portion of the new sentence is attributable to the release-status enhancement and is thus to run consecutively to any other sentence of imprisonment," *id.* at 1190, appropriately addressed this issue.

As explained earlier, § 2J1.7 and its commentary constitute an effort to integrate § 3147 into the guidelines by increasing the range of a sentence for a person who committed an offense while on release, and then by requiring that the added sentence be attributed to that fact and imposed consecutively. As stated in the pertinent guidelines commentary: "This guideline is drafted to enable the court to determine and implement a combined 'total punishment' consistent with the overall structure of the guidelines, while at the same time complying with the statutory requirement." USSG § 2J1.7, comment. (backg'd.). We believe that § 2J1.7 is both rational and successful in meeting this objective.

As to the specific claim of error, Stevens contends that the district court erred in apportioning his sentence so that 292 months is attributable to the offense of conviction, and one month is attributable to the § 2J1.7 enhancement.[1] He notes that absent the three-level enhancement, he could have been sentenced to a maximum of 210 months. Therefore, he argues, the court could not apportion more than 210 months to the offense of conviction. He notes that this is more than an academic issue because, should the guidelines be amended to permit a modification of either part of his sentence, *see* 18 U.S.C. § 3582(c)(2), it would be important for each portion of his sentence to reflect properly the permissible guidelines range.

The government notes, however, that the example provided in the pertinent guideline commentary achieves a result that parallels the feature of Stevens' sentence which he challenges as an illegal apportionment. The commentary example begins with a total range of 30–37 months. In all criminal histo-

---

1. As indicated earlier, the district court attributed 292 months of the term of imprisonment to "count one" (the conspiracy count), and the consecutive additional month to "count two" (the possession count). We construe this apportionment as indicated in the text to which this footnote pertains. Any revised allocation on remand should correspond to the description in the text of this opinion.

ry categories, if the § 2J1.7 three-level enhancement is deleted from the guideline level at which a 30–37 month sentence is imposed, the permissible range provided for the reduced sentence level would be 21–27 months. In its example, however, the commentary attributed 30 months of a 36 month sentence to the offense of conviction, three months greater than the imprisonment authorized absent the enhancement. *See* USSG § 2J1.7, comment. (n. 2).

 Guideline commentary, like a government agency's interpretation of its own rules, is to be given controlling weight unless it violates the Constitution or a federal statute, is plainly erroneous, or is inconsistent with the guideline provision that it explains. *See Stinson v. United States,* —— U.S. ——, ——, 113 S.Ct. 1913, 1919, 123 L.Ed.2d 598 (1993). We agree with Stevens that the example provided by the commentary to § 2J1.7 is inconsistent with that guideline.

As previously discussed, the purpose of § 2J1.7 is to effectuate § 3147 by providing for additional punishment to that required by the guidelines for the offense of conviction. *See United States v. Wilson,* 966 F.2d 243, 248–49 (7th Cir.1992) (holding that prison term attributable to offense of conviction must fall within permissible range absent § 2J1.7 enhancement); *see also Stevens I,* 985 F.2d at 1189 (citing *Wilson,* 966 F.2d at 248–49). By apportioning a sentence as the commentary example contemplates or as the district court did in this case, the effect is to increase the sentence attributable to the underlying offense beyond that authorized by the guidelines while, at the same time, adding a shorter consecutive sentence than would be warranted by the three-level increase specified in § 2J1.7.

While the *total* sentence is not affected, practical sentencing consequences of an improper allocation are nonetheless clearly possible. Stevens has suggested one possible consequence with respect to the impact under 18 U.S.C. § 3582(c)(2) of a subsequent guideline amendment. And in *Wilson,* the properly computed § 2J1.7 sentence was re-

quired to be consecutive not only to the sentence for the underlying offense, but also to a separate sentence in view of the specification in § 3147 that the sentence imposed under that statute "be consecutive to any other sentence of imprisonment." *See Wilson,* 966 F.2d at 249.

Accordingly, the district court should have apportioned the prison term so that the part attributable to the offense of conviction fell within the 34 level range that would be available absent the three-level enhancement, *i.e.,* 168–210 months, with a consecutive addition (not exceeding ten years) within the range provided by adding three levels above level 34.

Although we conclude that the apportionment selected by Judge Duffy violated the prescriptions of guideline 2J1.7, it does not necessarily follow that Stevens is entitled to have that aspect of his sentence corrected. This depends on whether Stevens waived appeal, which is discussed below.

### B. *The Waiver Provision.*

The government contends that, by entering into the Stipulation, Stevens waived appeal of the apportionment required by § 3147 and guideline § 2J1.7.[2] If Stevens agreed to the Stipulation, knowingly and voluntarily, we agree. The Stipulation expressly covers this allocation, and provides that "neither party will appeal a sentence ... that falls within the sentence/range offense level calculated above, even should the court ... reach that range/offense level by a guidelines analysis different from that set forth above." Stevens argues that because the district court did not engage him in a colloquy to ascertain whether the waiver of his right to appeal was knowing and voluntary, we should hold the waiver provision invalid. The government does not directly address this contention in its brief, but relies upon *United States v. Salcido–Contreras,* 990 F.2d 51 (2d Cir.) (per curiam), *cert. denied,* —— U.S. ——, 113 S.Ct. 3060, 125 L.Ed.2d 742 (1993), in which we held that an agreement as to the

---

**2.** The government does not contend that the waiver applies to the fine and supervised release issues.

appropriate sentencing range that contains a waiver-of-appeal provision is enforceable. *Id.* at 51; *see also United States v. Rivera,* 971 F.2d 876, 896 (2d Cir.1992).

In *Salcido–Contreras,* we stated that: "In no circumstance ... may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." 990 F.2d at 53. However, in *Salcido–Contreras,* unlike the present case, the defendant "concede[d] that he knowingly and voluntarily waived his right to appeal if the sentence fell within the agreed range," *id.* at 51–52, and the case accordingly did not reach the issue whether, in the absence of a specifically directed colloquy, a defendant may avoid enforcement of a waiver-of-appeal provision by contending that he did not agree to it knowingly and voluntarily.

In both *Salcido–Contreras* and *Rivera,* the appeal waiver was included in a plea agreement. Here, by contrast, Stevens was found guilty after a jury trial, and the appeal waiver was incorporated in a subsequent stipulation concerning sentencing issues. In the case of a plea agreement, Fed.R.Crim.P. 11 requires a colloquy to ensure that the defendant's guilty plea is knowing and voluntary. A number of plea agreement cases have considered whether there must in addition be a colloquy explicitly addressed to a waiver-of-appeal provision to render the waiver enforceable.

While some cases express a preference for a specifically directed colloquy, *see, e.g., United States v. Marin,* 961 F.2d 493, 496 (4th Cir.1992); *United States v. Davis,* 954 F.2d 182, 186 & n. 1 (4th Cir.1992), the preference is generally not imposed as a requirement if there is other evidence in the record adequate to establish that the defendant knowingly and voluntarily waived his appeal rights. *See, e.g., United States v. DeSantiago–Martinez,* 38 F.3d 394, 395 (9th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 939, 130 L.Ed.2d 883 (1995); *United States v. Bushert,* 997 F.2d 1343, 1351 (11th Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 652, 130 L.Ed.2d 556 (1994); *Marin,*

961 F.2d at 496; *Davis,* 954 F.2d at 186 & n. 1.

■ In this case, as noted above, there was no inquiry whether the defendant had agreed to, or even knew the contents of, the Stipulation. As the record on appeal affords no basis to know whether the defendant knowingly agreed to the Stipulation, much less the waiver of appeal contained in it, we will remand to the district court. In the district court, the defendant may demand a hearing as to whether he knowingly and voluntarily stipulated to waive appeal. If the court determines the defendant did knowingly and voluntarily waive appeal, the district court need not alter the prison term allocation, notwithstanding our foregoing discussion. If the defendant did not waive appeal, then *at the government's option* the court shall either amend the sentence to conform to § 2J1.7, as specified above, or vacate the sentence agreement in its entirety and proceed to impose sentence anew. The defendant may not, however (unless the government consents), retain the benefits of the sentencing agreement while being relieved of its burdens. Upon remand, the defendant shall advise the district court whether he wishes to proceed with his challenge to the Stipulation or to reaffirm the Stipulation and accept the periods of imprisonment previously imposed.

### C. *Fine and Supervised Release.*

As previously noted, the resentencing proceedings were directed almost exclusively to the apportionment issue. There was one brief reference to supervised release, and no mention of a fine, but the life term of supervised release and $2,000,000 fine were included in the subsequent judgment of conviction.

■ The government concedes that the instructions in *Stevens I* regarding these issues were not followed on the initial remand, and we accordingly reiterate them on this remand. As to the fine, *Stevens I* ruled that because USSG § 5E1.2 requires a sentencing court to " 'impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine,' " *id.* at 1188 (quoting USSG § 5E1.2(a)), the court "must afford the de-

fendant at least a minimal opportunity to show that he lacks the ability to pay the fine proposed by the court." *Id.* (citing *United States v. Marquez,* 941 F.2d 60, 65–66 (2d Cir.1991)). Thus, on remand, the burden of going forward on this issue will be borne by Stevens. With respect to the imposition of lifetime supervised release, we repeat that this represented a substantial departure from the guideline range of four-to-five years and required the district judge to state the reasons both for departure and for the extent of the departure. *Stevens I,* 985 F.2d at 1190.

### D. *Request for Reassignment and Summary.*

■ Stevens requests that we reassign this case to a different district judge because "the district judge failed to follow this Court's instructions after the first appeal," invoking *United States v. Robin,* 553 F.2d 8 (2d Cir.1977) (in banc) (per curiam). The apportionment question, however, is a quite novel legal issue. Moreover, the fine and supervised release questions were not reached as an apparent result of an oversight which no counsel undertook to address. We perceive no basis for a reassignment.

On remand, the district court is instructed:

(1) to conduct a hearing, if Stevens so moves, to determine whether Stevens knowingly and voluntarily waived his right to appeal the allocation of prison terms under § 3147;

(a) If the court determines that Stevens knowingly and voluntarily made the agreement to waive appeal, the court need not alter the prison term allocation of the original sentence.

(b) If the court determines that Stevens did not knowingly and voluntarily waive appeal, the court shall, at the government's option, either

(i) vacate the entire sentence agreement contained in the Stipulation and proceed to sentence anew; or

(ii) apportion the 293 month period of imprisonment so that the portion attributed to the offenses of conviction is within the range of level 34 (the level that would obtain absent the three-level in-

crease under § 2J1.7), and the remainder, imposed consecutively, not exceeding ten years, is within the range attributable to a three-level enhancement above level 34.

(2) to "give Stevens an opportunity to show whether, or to what extent, he is financially unable to pay a fine," *Stevens I,* 985 F.2d at 1189, before reimposition of any fine; and

(3) as to any contemplated term of supervised release in excess of five years, to provide a prior "notice informing [Stevens] that the court is planning a departure of this type, ... [and] at least a brief statement of the reasons for the departure and its extent." *Id.* (citing *United States v. Marquez,* 941 F.2d 60, 64–65 (2d Cir. 1991)).

### Conclusion

We vacate the sentence imposed by the judgment of the district court and remand for resentencing consistent with this opinion. The government's motion for a limited remand is denied as moot.