101 F.3d 681
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
John Jairo HENAO, Defendant-Appellant.
 No. 93-1832.
 United States Court of Appeals, Second Circuit.
 April 1, 1996.
 
 APPEARING FOR APPELLANT: Ronald Cohen, New York, N.Y.
 APPEARING FOR APPELLEE: Morris J. Panner, Asst. U.S. Atty., New York, N.Y.
 S.D.N.Y.
 AFFIRMED.
 PRESENT: HONORABLE JON O. NEWMAN, Chief Judge. HONORABLE JAMES L. OAKES, HONORABLE FRED I. PARKER, Circuit Judges.
 
 
 1
 John Jairo Henao appeals from the November 19, 1993, judgment of the District Court sentencing him to 70 months in prison after his plea of guilty to possession with intent to distribute crack cocaine. In a plea agreement, Henao had agreed to a sentence within the 70- to 87-month Guideline range.
 
 
 2
 Henao contends that the sentence, based on Guidelines that punish crack offenders more harshly than powder cocaine offenders, violates his right to equal protection of the laws, an argument we have repeatedly rejected. See United States v. Stevens, 19 F.3d 93, 96-97 (2d Cir.1994) (where defendant alleged no discriminatory intent, finding rational basis for 100-to-1 weight ratio of 21 U.S.C. § 841(b)(1)); United States v. Moore, 54 F.3d 92, 96-99 (2d Cir.1995) (in spite of language from debates that "raises the judicial eyebrow," finding no intent to discriminate), cert. denied, 116 S.Ct. 793 (1996); United States v. Jackson, 59 F.3d 1421 (2d Cir.) (same), petition for cert. filed, No. 95-7054 (Dec. 11, 1995). The fact that the Sentencing Commission last year proposed an amendment that would have eliminated the disparity between crack and powder cocaine sentencing does not affect our prior holdings that Congress had, in 1986, a rational basis for its decision to view crack as a more dangerous substance than powder cocaine and to punish offenders accordingly.
 
 
 3
 Since the District Judge clearly stated on the record that he understood his authority to depart from the Guidelines and chose not to exercise it, his decision not to depart is not reviewable. United States v. Harris, 38 F.3d 95, 97 (2d Cir.1994), cert. denied, 115 S.Ct. 1269 (1995). Furthermore, a defendant who has knowingly entered into a plea agreement waiving the right to appeal a sentence within the Guideline range may not take the benefits of the plea agreement and still appeal the sentence. United States v. Harris, 66 F.3d 431, 436-37 (2d Cir.1995).