**UNITED STATES of America,
Appellee,**

v.

**Gary J. CONFREDO, Defendant–
Appellant.**

No. 00–1068.

United States Court of Appeals,
Second Circuit.

Jan. 12, 2001.

Peter Goldberger, Law Offices of Alan Ellis, Ardmore, PA, for defendant-appellant.

Robin W. Morey, Assistant United States Attorney, New York, NY; Mary Jo White, United States Attorney for the

Southern District of New York, for appellee.

Present FEINBERG and SOTOMAYOR, Circuit Judges, HAIGHT, District Judge.*

SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Leonard B. Sand, *Judge*), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is VACATED AND REMANDED.

Defendant-appellant Gary J. Confredo ("Confredo") appeals from a conviction and sentence imposed in the United States District Court for the Southern District of New York (Leonard B. Sand, *Judge*). On February 22, 1999, Confredo pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344, two counts of false statements in support of a loan application in violation of 18 U.S.C. § 1014, one count of willful false statement in violation of 18 U.S.C. § 1001, and one count of attempted witness tampering in violation of 18 U.S.C. § 1512. On January 27, 2000, the district court sentenced defendant. Confredo appeals from the district court's sentence.

Confredo contends that this Court must vacate and remand the sentence for two reasons: (1) the district court's term of imprisonment is unclear; and (2) the district court failed to apportion the sentence into the principal term and the enhancement under 18 U.S.C. § 3147. The Government concurs. We agree that the district court's sentence must be vacated and remanded for resentencing.

* The Honorable Charles S. Haight, Jr., United States District Court for the Southern District of New York, sitting by designation.

■ The range for Confredo's term of imprisonment under the United States Sentencing Guidelines ("U.S.S.G" or the "Guidelines"), as determined by the district court, was 210 to 262 months. It is unclear from both the oral and the written record whether the district court intended to sentence Confredo to a term of imprisonment of 230 or 262 months. The district court stated in its oral imposition of the sentence and wrote in its judgment of conviction that it was sentencing Confredo to a total term of imprisonment of 262 months. However, in both its oral imposition of the sentence and in its written judgment of conviction, the district court distributed the sentence among the counts in the following manner, which totals only 230 months: 170 months on the bank fraud count, to run consecutively with sixty months on each of the two counts of false statements on loan applications (with these two counts running concurrently with each other), to run concurrently with twelve months on the false statement count, to run concurrently with twenty months on the witness tampering count. Because the district court's sentence is unclear, we vacate and remand for clarification and re-sentencing.[1]

■ We must also vacate and remand for resentencing because the district court failed to apportion the sentence as required by § 2J1.7 of the Guidelines. The district court found that 18 U.S.C. § 3147 was implicated because Confredo committed each of the offenses to which he pled (except the bank fraud count) after he was released on bond for the bank fraud charge and, therefore, applied a three-level enhancement under U.S.S.G. § 2J1.7.

If a defendant commits a felony while on release, 18 U.S.C. § 3147 authorizes a sentencing court to impose a term of imprisonment of up to ten years in addition to the sentence prescribed for the offense committed. 18 U.S.C. § 3147(1). If the sentencing court determines that such an additional term of imprisonment is appropriate, it must impose the term consecutively to any other sentence of imprisonment. 18 U.S.C. § 3147. The Guidelines implement 18 U.S.C. § 3147 through U.S.S.G. § 2J1.7. The Guidelines instruct that in order to comply with 18 U.S.C. § 3147, a sentencing court "should divide the sentence on the judgment form between the sentence attributable to the underlying offense and the sentence attributable to the enhancement. The court will have to ensure that the 'total punishment' (i.e., the sentence for the offense committed while on release plus the sentence enhancement under 18 U.S.C. § 3147) is in accord with the guideline range for the offense committed while on release, as adjusted by the enhancement in this section." U.S.S.G. § 2J1.7, Application Note 2.

The district court did not, either in its oral pronouncement of the sentence or its written judgment of conviction, apportion the sentence on the counts to which 18 U.S.C. § 3147 applies between the underlying offenses and the § 3147 enhancement. The district court's failure to apportion the sentence is not harmless error. *See United States v. Stevens,* 66 F.3d 431, 436 (2d Cir.1995) ("While the total sentence is not affected, practical sentencing consequences of an improper allocation are

---

1. We reject Confredo's contention that this Court must order the district court to resolve the ambiguity in his favor on resentencing. Instead, we follow our usual procedure for dealing with an unclear sentence-remanding for clarification and resentencing. *See, e.g.,*

*United States v. Greer,* 223 F.3d 41, 57–58 (2d Cir.2000); *United States v. Thorpe,* 191 F.3d 339, 343–44 (2d Cir.1999); *United States v. Trzaska,* 859 F.2d 1118, 1121 (2d Cir.1988); *United States v. Sanjurjo,* 481 F.2d 638, 639 (2d Cir.1973).

nonetheless clearly possible.").[2] Accordingly, at resentencing, the district court must allocate its sentence on each count to which 18 U.S.C. § 3147 applies between the underlying sentence and the § 3147 enhancement.[3]

Confredo also challenges the district court's calculation of loss amount under § 2F1.1 of the Guidelines. Confredo did not object to the loss calculation in the presentence report or object to the district court's loss calculation at sentencing. Rather, Confredo made a motion for a downward departure, which the district court denied, on the grounds that the intended loss figure overstated the seriousness of his crimes. Because the district court's loss calculation could effect the district court's apportionment and resentencing decisions, we determine it appropriate to allow the district court to consider Confredo's loss calculation and the Government's waiver arguments in the first instance on remand.[4]

For the reasons discussed above, the judgment of the district court is hereby VACATED AND REMANDED.

2. This Court in *Stevens* noted two possible situations where improper allocation could make a difference: (1) if there were a change in the Guidelines that affected only the underlying sentence; or (2) if there existed a requirement to run the sentence on the underlying charge consecutively to another sentence. *Stevens*, 66 F.3d at 436.

3. Because we find that the term of imprisonment imposed by the district court is unclear and therefore vacate and remand for resentencing, we need not address Confredo's contention that the district court failed to state sufficient reasons for imposing its original sentence. Confredo also raises the issue of the applicability of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d

435 (2000), to his case. We also do not address the *Apprendi* issue here because we find it more appropriate to allow the district court to consider it in the first instance on remand. *See United States v. Fitzgerald*, 232 F.3d 315, 317 n. 1 (2d Cir.2000).

4. Although the record is not clear on this point, the district court may have considered and rejected, at least in part, Confredo's loss calculation arguments, *albeit* in the context of a downward departure motion rather than a substantive attack on the loss calculation. Because the record is unclear and because we are remanding for the other reasons discussed above, we find it prudent to allow the district court explicitly to consider these issues on remand.