**UNITED STATES of America,
Appellee,**

v.

**Bernard OLUSHINA, Defendant–
Appellant.**

No. 01–1035.

United States Court of Appeals,
Second Circuit.

April 24, 2003.

Michael Elbert, Garden City, New York (Thomas F. Liotti, on the brief), for Appellant.

Max Minzner, Assistant United States Attorney, Brooklyn, New York (Roslynn R. Mauskopf, United States Attorney, Margo K. Brodie and Jo Ann M. Navickas,

Assistant United States Attorneys, on the brief), for Appellee.

PRESENT: JACOBS, STRAUB, Circuit Judges, and CARMAN, Chief Judge.[1]

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 24th day of April, two thousand three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED that the appeal be DISMISSED IN PART and, insofar as the appeal not be dismissed, the case be REMANDED to the district court for resentencing and, in remaining part, AFFIRMED.

Defendant-appellant Bernard Olushina appeals from a judgment entered in the United States District Court for the Eastern District of New York (Johnson, *J.*) on January 17, 2001, convicting him, upon his guilty plea, of possession with intent to distribute heroin and failure to appear while released on bail. Olushina became a fugitive while the drug charges were pending in the Eastern District of New York and after having been sentenced in the Southern District of New York for conspiracy to commit credit card and mail fraud. Eight-and-a-half years later, he was arrested on a bench warrant and began serving the ten-month sentence imposed in the Southern District. Later, Olushina was sentenced in the Eastern District to "seventy two (72) months on each count to run concurrent to each other and concurrent to defendant's ten (10) month sentence[ ] imposed" in the Southern District. (Judgment, dated Dec. 21, 2000, at 2.)

Olushina argues on appeal that the Bureau of Prisons ("BOP") improperly deviated from the sentence imposed in the Eastern District, that the government breached the terms of his cooperation agreement, that the sentence was illegally imposed, and that his trial counsel rendered ineffective assistance.

1. *BOP's Sentence Determination:* Olushina argues that the BOP violated federal statutory and constitutional law by determining that his 72–month sentence would run from June 5, 2000, rather than from October 7, 1999, the date on which his 10–month Southern District sentence began to run. He argues that this determination contravened Judge Johnson's recommendation that the two sentences run concurrently. (Def.'s Br. at 7, 10.)

To the extent that this claim rests upon the district court's determination that Olushina's multiple sentences should run concurrently under 18 U.S.C. § 3584, there is nothing for us to review. Olushina certainly does not challenge that determination; and the government has not appealed or cross-appealed the judgment to correct any error. *See* 18 U.S.C. § 3742(b).

---

1. Honorable Gregory W. Carman, Chief Judge of the United States Court of International Trade, sitting by designation.

■ To the extent that Olushina's claim seeks to challenge the BOP's credit determination, this direct appeal is an improper vehicle. The Attorney General, through the BOP, determines the credit to which a defendant is entitled after the defendant begins serving his sentence. *See* 18 U.S.C. § 3585; *United States v. Wilson,* 503 U.S. 329, 330–37, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). Prisoners may "seek judicial review of these computations after exhausting their administrative remedies." *Wilson,* 503 U.S. at 335, 112 S.Ct. 1351 (citing 28 C.F.R. §§ 542.10–542.16 (1990)); *see also Martinez v. United States,* 19 F.3d 97, 99 (2d Cir.1994) (per curiam). Olushina has failed to pursue his final appeal to the BOP's General Counsel. *See* 28 C.F.R. § 542.15(a).

Even if we were to conclude that further administrative review would be futile, *cf. Fraley v. United States Bureau of Prisons,* 1 F.3d 924, 925 (9th Cir.1993) (per curiam) (excusing failure to exhaust administrative appeals on ground of futility where "the Regional Director would almost certainly have denied [the] request as well, citing the same official Bureau of Prisons policy" as the first determination cited), Olushina's claim would not properly be before us on direct appeal. The BOP made the credit determination at issue on January 15, 2002, nearly one full year after Olushina filed his notice of appeal.[2]

We therefore dismiss this portion of Olushina's appeal without prejudice to the pursuit of any remaining administrative remedies; judicial review of the BOP's decision; or collateral relief. At this time, we do not consider the propriety of the district court's concurrency determination or what avenues, if any, may be open to the government to challenge it.

2. *Terms of Cooperation Agreement:* First, we reject Olushina's argument that the government breached the cooperation agreement in relation to downward adjustments. (Def.'s Br. at 12.) The government duly interposed no objection to a downward adjustment of three levels for Olushina's acceptance of responsibility. (Cooperation Agreement, at ¶ 2.) The agreement provided that the government would file a motion pursuant to U.S.S.G. § 5K1.1 for consideration of his cooperation, and the government did so. (*Id.* at ¶ 6.) The agreement disclaimed any "promises, agreements or conditions" not included within it or some other writing. (*Id.* at ¶ 11.)

Second, we reject Olushina's argument that the credit he received under U.S.S.G. § 5K1.1 did not fairly represent the scope of his cooperation. The district court's departure determination is not subject to review. *See United States v. Lawal,* 17 F.3d 560, 562 (2d Cir.1994). To the extent that Olushina challenges the sufficiency of the government's § 5K1.1 recommendation, he offers no basis to conclude that the government acted improperly or in bad faith. *See United States v. Rexach,* 896 F.2d 710, 713–15 (2d Cir.1990) ("in the absence of any showing of prosecutorial misconduct or bad faith, we will not second guess the prosecutor").

Third, we reject Olushina's argument that he was entitled to application of the sentencing "safety valve" under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. (Def.'s Br. at 14.) As the government points out (Appellee's Br. at 14–15), Olushina was not entitled to this credit because he had more than one criminal history point. *See* 18

**2.** Were it not for the delay interposed by the appointment of appellate counsel and numerous extensions of time, Olushina's appellate briefs would have been due several months before the BOP made its determination.

U.S.C. § 3553(f)(1); U.S.S.G. § 5C1.2(a)(1).

Fourth, we reject Olushina's argument that his guilty plea was involuntary because no one apprised him of the possibility that he would be deported after serving his sentence. (Def.'s Br. at 14–15.) Before accepting his guilty plea, the district court ascertained that Olushina was not an American citizen and advised him, "You can be deported; do you understand that?" Olushina said he did. (Plea Hearing Tr., dated July 13, 2000, at 4–6.)

Finally, we reject Olushina's argument that the government breached the terms of his cooperation agreement by failing to seek dismissal of the second count of the indictment (failure to appear). (Def.'s Br. at 13.) The agreement provided that noncompliance by Olushina would "release[the government] from its obligation[ ] under this agreement . . . to move to dismiss the second count of the indictment as described in paragraph 6 above." (Cooperation Agreement, at ¶ 8.) However, neither paragraph 6 nor any other provision of the agreement provided that the government would so move. In fact, the first paragraph of the agreement provided that Olushina would "plead guilty to Counts One *and Two*" (Cooperation Agreement, at ¶ 1) (emphasis added), and Olushina did so (Plea Hearing Tr. at 10). The reference in paragraph eight to dismissing this count appears to have been a typographical error on a matter as to which there is no legitimate dispute.[3] *Cf. United States v. Ar-*

*nett,* 628 F.2d 1162, 1164–66 (9th Cir.1979) (remanding "to the district court for resolution" where there was a genuine "dispute as to the terms of the plea bargain").

3. *District Court's Sentencing Calculations:* Olushina challenges the district court's sentencing calculations on two grounds, one of which has merit.

First, we reject Olushina's argument that the district court erred by "fail[ing] to state at the time of sentencing how he calculated the sentence and whether he relied upon the Federal Sentencing Guidelines, as they appeared in 1990 or in 2000." (Def.'s Br. at 18.) Since Olushina failed to object to this omission at sentencing, we review only for plain error, and we find none. A district court applies the Guidelines "that are in effect on the date the defendant is sentenced," 18 U.S.C. § 3553(a)(4)(A), unless "the version of the Guidelines in effect at the time of sentencing is more 'severe[ ]' than the version in effect when the offense was committed," such that it creates an *ex post facto* problem. *United States v. Keigue,* 318 F.3d 437, 442 (2d Cir.2003) (citation omitted). We see no such problem here.[4]

■ Olushina is correct, however, that the district court erred by "fail[ing] to apportion or allocate the sentences." (Def.'s Br. at 18.) Under 18 U.S.C. § 3147, a person convicted of an offense committed while on release "shall be sentenced, in addition to the sentence prescribed for the offense to . . . a term of imprisonment of not more than ten years if

---

3. Olushina failed to object on this ground at his plea hearing or sentencing. Since there is no genuine ambiguity in the plea agreement, Olushina cannot establish that the district court committed plain error. *See United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002) ("a defendant who lets Rule 11 error pass without objection in the trial court" must "satisfy the plain-error rule"); Fed.R.Crim.P. 11.

4. Olushina argues that "[f]ailure to appear was first listed as an example of obstructive conduct in a 1990 amendment [under U.S.S.G. § 3C1.1], after the appellant absconded," (Def.'s Br. at 21); but that amendment became effective on November 1, 1990, and Olushina failed to appear in December 1990. (Def.'s Br. at 3.)

the offense is a felony." 18 U.S.C. § 3147(1). Here, Olushina failed to appear in the Eastern District as required by the conditions of his release on bail, in violation of 18 U.S.C. § 3146(a)(1). Since this was a felony committed while on release, it triggered the penalty provision of 18 U.S.C. § 3147, which is implemented by "add[ing] 3 levels to the offense level for the offense committed while on release." U.S.S.G. § 2J1.7. Because § 3147 requires that the additional term of imprisonment "be consecutive to any other sentence of imprisonment," 18 U.S.C. § 3147, the sentencing court must allocate the sentence between the penalty and the offense committed while on release:

> [T]he court, in order to comply with the statute, should divide the sentence on the judgment form between the sentence attributable to the underlying offense and the sentence attributable to the enhancement. The court will have to ensure that the 'total punishment' (*i.e.*, the sentence for the offense committed while on release plus the sentence enhancement under 18 U.S.C. § 3147) is in accord with the guideline range for the offense committed while on release, as adjusted by the enhancement in this section.

U.S.S.G. § 2J1.7, cmt. 2. This commentary guides our application of the Sentencing Guidelines. *See United States v. Stevens,* 66 F.3d 431, 436 (2d Cir.1995) ("Guideline commentary . . . is to be given controlling weight unless it violates the Constitution or a federal statute, is plainly erroneous, or is inconsistent with the guideline provision that it explains.").

The government concedes that the district court failed to apportion the sentence as required by 18 U.S.C. § 3147 and U.S.S.G. § 2J1.7. (Appellee's Br. at 18.) Although Olushina did not object to this omission at sentencing, the district court's error is plain, and it may affect Olushina's substantial rights and the fairness of judicial proceedings. *Cf. Stevens,* 66 F.3d at 435 (holding failure to allocate sentence was not harmless error because, "should the guidelines be amended to permit a modification of either part of his sentence, it would be important for each portion of his sentence to reflect properly the permissible guidelines range") (citation omitted); *United States v. Wilson,* 966 F.2d 243, 249 (7th Cir.1992); *see generally United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (discussing plain error review).

We therefore remand for the district court to apportion Olushina's sentence according to 18 U.S.C. § 3147 and U.S.S.G. § 2J1.7. On remand, the district court should "apportion[ ] the prison term so that the part attributable to the offense of conviction [falls] within the . . . range that would be available absent the three-level enhancement, . . . with a consecutive addition (not exceeding ten years) within the range provided by adding three levels." *Stevens,* 66 F.3d at 436.

4. *Ineffective Assistance of Counsel:* Olushina argues that his trial counsel rendered ineffective assistance by (i) failing to interpose certain objections to the presentence report, (ii) failing to pursue vigorously certain downward departures, and (iii) failing to explain aspects of the sentencing calculation to him. (Def.'s Br. at 19–22.)

When presented with an ineffective assistance of counsel claim argued by new counsel on direct appeal, "we may do one of three things: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent § 2255 petition; (2) remand the claim to the district court for necessary fact-finding; or (3) decide the claim on the record before us." *United States v. Leone,* 215 F.3d 253, 256 (2d Cir.2000).

Because the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996), restricts "a defendant's ability to file more than one federal habeas petition," we have been reluctant to compel a defendant to pursue his ineffectiveness claim in a collateral proceeding. *United States v. Pena,* 233 F.3d 170, 174 (2d Cir.2000) (per curiam). At the same time, we have a "baseline aversion to resolving ineffectiveness claims on direct review," *United States v. Salameh,* 152 F.3d 88, 161 (2d Cir.1998) (per curiam), because "the constitutional sufficiency of counsel's performance is usually unripe for seasoned retrospection until after the trial and whatever appeal may follow," *id.* at 160, and because the allegedly ineffective lawyer should, "except in highly unusual circumstances," have "an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs." *Sparman v. Edwards,* 154 F.3d 51, 52 (2d Cir.1998) (per curiam).

We conclude that Olushina's ineffectiveness claims are insufficiently developed to support conclusions as to the reasonableness of counsel's conduct or any resulting prejudice. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (defining two requirements of ineffective assistance claims). We therefore decline to review Olushina's ineffective assistance of counsel claim on direct appeal and dismiss the claim without prejudice to Olushina's right to pursue it in a collateral proceeding. *See United States v. Williams,* 205 F.3d 23, 35 (2d Cir.2000) (declining to review ineffective assistance claim because based on "grounds that [were] not fully developed in the record"); *see also Massaro v. United States,* — U.S. —, 123 S.Ct. 1690, — L.Ed.2d — (2003) (holding that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal").

\* \* \* \* \* \*

For the reasons set forth above, we hereby DISMISS without prejudice those portions of Olushina's appeal that pertain to the BOP's sentence determination and the effectiveness of his trial counsel. We REMAND the case for the district court to vacate Olushina's sentence and resentence him, allocating the sentence as required by 18 U.S.C. § 3147 and U.S.S.G. § 2J1.7. In all other respects, we AFFIRM.