**UNITED STATES of America,**
**Appellee,**

v.

**Bernard OLUSHINA, Defendant–**
**Appellant.**

**No. 03–1517–cr.**

United States Court of Appeals,
Second Circuit.

June 21, 2006.

Howard M. Simms, New York, NY, for Appellant.

Peter A. Norling, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN and Hon. REENA RAGGI, Circuit Judges. Hon. PAUL A. CROTTY, District Judge.[1]

## SUMMARY ORDER

For the second time, defendant Bernand Olushina appeals from a judgment of conviction entered in this case, the one here at issue having been entered on September 16, 2003. Although we assume the parties' familiarity with the facts, a brief preliminary review of certain prior proceedings is necessary to explain our decision.

Olushina stands convicted, based on his guilty pleas, of one count of possession with intent to distribute 100 grams or more of heroin, see 21 U.S.C. § 841(a)(1), (b)(1)(B), and one count of bail jumping, see 18 U.S.C. § 3146(a)(1), (b)(1)(A). Originally sentenced to concurrent terms of 72 months' incarceration, a significant downward departure from his Sentencing Guidelines range of 121–151 months, Olu-

---

1. The Honorable Paul A. Crotty, United States District Judge for the Southern District of New York, sitting by designation.

shina raised a variety of challenges to that first judgment of conviction in his initial appeal. By summary order, this court rejected all but one of Olushina's arguments: his claim "that the district court erred by failing to apportion or allocate the sentences." *United States v. Olushina*, 63 Fed.Appx. 553, 556 (2d Cir.2003) (internal alteration and quotation marks omitted). Indeed, "[t]he government concede[d] that the district court failed to apportion the sentence as required by 18 U.S.C. § 3147 and U.S.S.G. § 2J1.7." *Id.* at 557. Accordingly, we remanded the case "for the district court to vacate Olushina's sentence and resentence him, allocating the sentence as required by 18 U.S.C. § 3147 and U.S.S.G. § 2J1.7." *Id.* at 558.

Following our directive, on the original 72–month sentence on Count One, the district court apportioned 67 months to the underlying drug trafficking and 5 months to the § 2J1.7 enhancement triggered by the fact that Olushina had committed that crime while on court-supervised release. See 18 U.S.C. § 3147. As for Count Two, the court explained that the rule against "double counting" precluded the application of a § 2J1.7 enhancement and, therefore, a § 3147 consecutive sentence, to the underlying bail jumping crime because "[t]his offense can only be committed while a defendant is on release." *United States v. Olushina*, 90 CR 750(SJ) at 6 n. 1 (E.D.N.Y., Sept. 3, 2003). Nevertheless, the court concluded that it had erred in failing to impose the Count Two sentence consecutively to Count One, as required by 18 U.S.C. § 3146(b)(2). Finding that its original 72–month sentence on Count Two exceeded the Guidelines range for bail jumping, the district court imposed a less-

er 30–month sentence on this count, but directed that it run consecutively, consistent with its "original intention to apportion an appropriate and meaningful sentence (or portion of a sentence) for Count Two." *Id.* at 8. Olushina now contends that the district court violated the relevant statutes and guidelines in imposing a total sentence of 102 months' incarceration. Further, he submits that such a sentence exceeded the remand mandate.[2]

■ Preliminarily, we identify no statutory error in the district court's amended sentence. The Count One sentence clearly comports with 18 U.S.C. § 3147 and U.S.S.G. 2J1.7. Similarly, the Count Two sentence comports with the plain language of 18 U.S.C. § 3146(b)(2), which states that, if a district court imposes an incarceratory sentence for bail jumping, that incarceratory term "shall be consecutive to the sentence of imprisonment for any other offense." 18 U.S.C. § 3146(b)(2).

■ Where the district court appears to have erred is in its calculation of a separate Guidelines range for Count Two. As this court explained in *United States v. Kirkham*, 195 F.3d 126, 131–32 (2d Cir. 1999), Application Note 3 to U.S.S.G. § 2J1.6 provides for treating a § 3146 offense as an obstruction of the underlying offense on which the defendant failed to appear and for the grouping of those offenses under U.S.S.G. § 3D1.2(c). Such a calculation, in fact, yielded Olushina's original Guidelines range of 121–151 months' incarceration. Accordingly, in imposing a Guidelines sentence consistent with the mandates of 18 U.S.C. §§ 3146(b)(2) and 3147, the district court was required (1) to

2. Not insignificantly, Olushina raises no Sixth Amendment challenge to his sentence, *see United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), likely because of the significant departure he received from his Sentencing Guidelines at the original sentencing. Accordingly, we deem that constitutional issue waived and do not address it on this appeal or direct its consideration on remand.

apportion the total sentence selected between Counts One and Two, imposing those sentences consecutively to one another, *see id.* § 3146(b)(2), and (2) to apportion the Count One sentence between the drug offense and the enhancement for committing the crime while on release, so that the latter effectively ran consecutively to the former, *see id.* § 3147. To the extent the district court's total 102–month sentence, calculated by imposing a 72–month sentence on Count One (apportioning 67 months to the drug offense and 5 months to the § 3147 enhancement) and a consecutive 30 months on Count Two, falls below the applicable Guidelines range, Olushina can hardly complain that he was prejudiced by the district court's seeming Guidelines error in failing on remand strictly to adhere to Application Note 3 to U.S.S.G. § 2J1.6.

■ Of course, the district court did not impose a Guidelines Sentence in its original judgment. To the extent a concern arises, then, it is not so much with the district court's application of the relevant statutes or guidelines as it is with the fact that the total 102–month sentence imposed on remand exceeds the total 72–month original sentence. Olushina does not assert—nor does the record indicate—that this higher sentence raises a due process issue. *See Alabama v. Smith*, 490 U.S. 794, 798–99, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989) (recognizing that imposition of higher sentence on remand to punish defendant for pursuing appeal implicates due process). He does, however, contend that the imposition of such a sentence exceeded the court's remand authority.

■ In general, our mandate rule permits *de novo* sentencing "unless the mandate specifically limits the scope of the resentencing." *United States v. Bryce*, 287 F.3d 249, 253 (2d Cir.2002). When "we identif[y] a particular sentencing issue

necessitating remand," the remand is appropriately viewed as "limited, not *de novo.*" *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir.2002). This is such a case. Our remand order directed the district court "to vacate Olushina's sentence and resentence him," for a specific purpose: to "allocat[e] the sentence as required by 18 U.S.C. § 3147 and U.S.S.G. § 2J1.7." *United States v. Olushina*, 63 Fed.Appx. at 558; *see also id.* at 557 ("We therefore remand for the district court to apportion Olushina's sentence according to 18 U.S.C. § 3147 and U.S.S.G. § 2J1.7."). This authorized the court only to apportion the total 72–month sentence imposed, not to increase that sentence.

■ To the extent Olushina argues that no § 3146(b)(2) apportionment was permissible on remand, however, we disagree. Although neither party argued a § 3146(b)(2) error on direct appeal, *see United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir.2001) (noting that issues foregone on appeal can generally not be considered on remand "unless the mandate can reasonably be understood as permitting it to do so"), such a correction is plainly consistent with the "spirit of the mandate," which seeks to ensure an apportionment of the total sentence consistent with statutory mandates, *id.; see United States v. Quintieri*, 306 F.3d at 1228. Given that purpose, the requirement set forth in § 3146(b)(2) that a consecutive sentence be imposed provided the district court with a "cogent and compelling reason[ ]" for "depart[ing] from the law of the case" to remedy a plain error, albeit not one specifically addressed by this court on the initial appeal. *United States v. Quintieri*, 306 F.3d at 1230.

In sum, the district court having concluded, in the initial exercise of its broad sentencing discretion, that a total sentence of 72 months' incarceration was sufficient to do justice for both crimes of conviction,

and no error having been identified in that determination, the remand mandate in this case authorized only an apportionment of *that* sentence consistent with law. It did not authorize the imposition of a higher total sentence. Thus, on remand, the district court's apportionment of sentence must total 72 months in prison. In short, if the court wishes to apportion 30 months of that total sentence to the bail jumping offense in Count Two, then it must apportion 42 months to the Count One drug offense. If it wishes to apportion 5 months of the Count One sentence for the commission of that offense while on release, then the district court may apportion only 37 months to the underlying drug crime.

By performing this calculation, we do not foreclose the district court from reconsidering its original 30 month and 5 month apportionments. We hold only that the apportionments made to comport with the relevant statutes and Guidelines cannot yield a total sentence in excess of the 72–month prison term originally imposed in the case.

This case is REMANDED for the district court to vacate Olushina's sentence and resentence him, allocating the original 72–month sentence in a manner consistent with 18 U.S.C. §§ 3146(b)(2), 3147 and U.S.S.G. §§ 2J1.6, 2J1.7, as discussed in this order.