13-4573
*United States v. Doe*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand fifteen.

Present:     Barrington D. Parker,
            Peter W. Hall,
            Debra Ann Livingston,
                        *Circuit Judges*.

_____

United States of America

                        *Appellee*,

        v.                                          Nos. 13-4573-cr

John Doe,

            *Defendant-Appellant*.

_____

FOR APPELLANT:              PHILLIP R. KATOWITZ, ESQ., Brooklyn, NY.

FOR APPELLEE:               AMY BUSA and TANISHA R. PAYNE, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, New York, NY.

_____

Appeal from the United States District Court for the Eastern District of New York

(Johnson, *J.*).

1

ON CONSIDERATION WHEREOF, it is hereby ORDERED, ADJUDGED, and DECREED that the case is REMANDED for further proceedings consistent with this order. Defendant-Appellant appeals that portion of his sentence imposing a five-year term of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

All parties agree, and this Court's inspection confirms, that, when the District Court imposed a five-year term of supervised release as part of Defendant's sentence, it appears to have been under the impression that Defendant was to be sentenced consistent with a conviction under 21 U.S.C. § 960(b)(1), which requires a term of supervised release of "at least 5 years." Defendant, however, was to have been sentenced consistent with a conviction under 21 U.S.C. § 960(b)(3), which only requires imposing a term of supervised release of "a least 3 years." It is necessary, therefore, to remand Defendant's case to the District Court so it may ensure that Defendant is sentenced consistent with 21 U.S.C. § 960(b)(3), *see United States v. Doe*, 297 F.3d 76, 93 (2002) (remanding "for resentencing under 21 U.S.C. § 960(b)(3)"), and, if the District Court intended to impose a five-year term of supervised release, so it may also set forth the reasons for the term imposed, *see United States v. Stevens*, 66 F.3d 431, 438 (2d Cir. 1995).[1]

Accordingly, this case is **REMANDED** for the District Court to consider whether, knowing that Defendant was to be sentenced consistent with a conviction under 21 U.S.C. § 960(b)(3), it would nevertheless have sentenced Defendant to a five-year term of supervised release and, if so, to explain the reasons for the term imposed. Alternatively, if the District Court would have sentenced Defendant to a lesser term of supervised release, the court shall vacate the

---

[1] We note that the amended judgment of the District Court continues to indicate erroneously that Defendant was guilty under 21 U.S.C. §§ 963 and 960(b)(1). We direct the District Court to correct this error on remand.

term of supervised release imposed and resentence Defendant to a different term of supervised release consistent with the provisions of 21 U.S.C. § 960(b)(3).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk