**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Carlos MARTELL, a/k/a Saul Garcia Ramos, Defendant–Appellant.**

No. 89–8302.

United States Court of Appeals,
Eleventh Circuit.

July 19, 1990.

John R. Martin, Martin Bros., P.C., Atlanta, Ga., for defendant-appellant.

James T. Martin, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before FAY and JOHNSON, Circuit Judges and GIBSON *, Senior Circuit Judge.

PER CURIAM:

This appeal arises from the conviction of appellant Jose Carlos Martell (Martell) of conspiring to possess with intent to distribute cocaine, conspiring to import more than five kilograms of cocaine, engaging in a continuing criminal enterprise by distributing and importing more than 150 kilograms of cocaine, traveling interstate to facilitate a conspiracy to possess with intent to distribute cocaine, and conducting a financial transaction involving the proceeds of dealing in cocaine. Martell raises a plethora of issues involving the sufficiency of the indictment, the admission into evidence of a prior conviction for possession of cocaine, and the propriety of the sentence he received. We reject Martell's contentions as to all issues, save the issue regarding sentencing. Accordingly, we AFFIRM the conviction, VACATE the sentence, and REMAND for further proceedings consistent with this opinion.

BACKGROUND

On December 13, 1988, Martell was charged in five counts of a seven-count indictment with violating various narcotics laws. In Count One, the government states that Martell conspired to possess with intent to distribute cocaine; in Count Two, the government alleges that Martell conspired to import more than five kilo-

---

* Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

grams of a mixture containing cocaine hydrochloride; in Count Three, the government accuses Martell of engaging in a continuing criminal enterprise; in Count Six, the government alleges that Martell traveled in interstate commerce between Florida and Georgia to promote and participate in a conspiracy to distribute and possess with intent to distribute cocaine; and in Count Seven, the government states that Martell conducted a financial transaction involving the proceeds of cocaine dealing.[1] Martell pleaded not guilty to all counts and filed a motion to dismiss the continuing criminal enterprise count, contending that the government had failed to inform him of a particular predicate offense in the indictment. Additionally, Martell filed a motion requesting a bill of particulars regarding the offense upon which the continuing criminal enterprise charge was predicated. These motions were denied.

The case went to trial on January 10, 1989. Because of highly prejudicial statements of a government witness, the district court declared a mistrial on January 17. A new jury was impaneled, and a new trial commenced on January 19, 1989. The trial resulted in a guilty verdict on all counts in which Martell was charged.

On March 30, 1989, the court conducted a sentencing hearing and determined through reference to the sentencing guidelines that the appropriate sentence is 235 months served consecutive to the term Martell then was serving. The court imposed an additional ten year sentence to be served consecutive to the 235 months for committing the offense while on release.

## DISCUSSION

We address three of the numerous issues raised by appellant.[2] Martell initially contends that regarding the continuing criminal enterprise count, the indictment is insufficient because it fails to describe with particularity the offenses forming the predicate for a continuing criminal enterprise. Count Three of the indictment reads:

That from on or about December, 1983, and continuously thereafter, up to and including February 13, 1988, in the Northern District of Georgia and elsewhere, the defendant,

### JOSE CARLOS MARTELL

a/k/a Saul Garcia Ramos

knowingly, willfully, and intentionally did engage in a continuing criminal enterprise, in that he violated Title 21, United States Code, Sections 841, 846, 952 and 963 by doing, causing, facilitating, and aiding and abetting the possession with the intent to distribute, the distribution, importation of more than 150 kilograms of a mixture containing cocaine hydrochloride as alleged in but not limited to Counts One and Two of this indictment, which are incorporated herein by reference, and which violations were a part of a continuing series of violations undertaken by defendant, JOSE CARLOS MARTELL, a/k/a Saul Garcia Ramos in concert with at least five other persons with respect to whom JOSE CARLOS MARTELL, a/k/a Saul Garcia Ramos occupied a position of organizer, a supervisory position, and any other position of management, and from which JOSE CARLOS MARTELL, a/k/a Saul Garcia Ramos obtained substantial income and resources, all in violation of Title 21, United States Code, Section 848.

R1–39–3. Martell asserts that the description of the predicate offenses as violations of 21 U.S.C. sections 841, 846, 952 and 963 did not put him on notice of the particular predicate offenses that the government would seek to prove at trial.[3]

---

**1.** Two superseded indictments were filed before the indictment on which Martell was tried. The first indictment charged Martell with conspiring to possess with intent to distribute cocaine, traveling interstate to promote and carry on the conspiracy, and conducting a financial transaction involving the proceeds from cocaine dealing. The second indictment added a continuing criminal enterprise count and a conspiracy to import cocaine count.

**2.** The remaining issues are meritless and do not warrant discussion.

**3.** Title 21 U.S.C. section 841 prohibits manufacturing, distributing, dispensing, or possessing

■ "An indictment charging a [continuing criminal enterprise] is sufficient for constitutional purposes if it articulates in statutory language the elements of the violation." *United States v. Alvarez-Moreno*, 874 F.2d 1402, 1410 (11th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1484, 108 L.Ed.2d 620 (1990). A conspiracy to import cocaine offense in violation of 21 U.S.C. section 963 may appropriately be considered a predicate offense to a continuing criminal enterprise, and the government is under no duty to provide defendant with all overt acts that might be proven at trial. *Alvarez-Moreno*, 874 F.2d at 1411; *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir.), *modified on other grounds*, 801 F.2d 378 (11th Cir.1986), *cert. denied*, 480 U.S. 919, 107 S.Ct. 1377, 94 L.Ed.2d 692 (1987). Furthermore, a defendant is not entitled to a bill of particulars "with respect to information which is already available through other sources." *Rosenthal*, 793 F.2d at 1227.

■ In this case, the indictment tracked the statutory language of 21 U.S.C. section 848(c),[4] informing Martell that the government sought to prove a continuing series of violations of sections 841, 846, 952 and 963 of Title 21 from December 1983 up to and including February 13, 1989, and that the two conspiracy counts in the indictment described two of the series of violations the government would attempt to prove. Considering additionally that Martell had been tried once before on the indictment and was acutely aware of the prior offenses that the government sought to prove at that trial, which resulted in a mistrial, we are confident that Martell was adequately informed of the charges against him and was accorded the opportunity to plan his defense accordingly. No more specific facts, through either a superseding indictment or a bill of particulars, were required to be divulged. *See United States v. Jeffers*, 532 F.2d 1101, 1113 (7th Cir.1976) (indictment alleging that defendant engaged in continuing criminal enterprise by distributing and possessing with intent to distribute cocaine and heroin in violation of Title 21 U.S.C. section 841(a)(1) from specific date to date of indictment held sufficient to apprise defendant of charges), *vacated on other grounds*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977). Consequently, we affirm the district court's denial of Martell's motion to dismiss and request for a bill of particulars.

■ Martell next contends that the trial court's admission of his prior conviction as evidence of a conspiracy and one of the offenses constituting a series of continuing crimes was erroneous. The gravamen of Martell's complaint is that the prior conviction is unrelated to the substantive conspiracy charges and the continuing criminal enterprise charge. The government counters that the prior conviction is pertinent to showing a continuing criminal enterprise, because it involves a violation of 21 U.S.C. section 841 (possession with intent to distribute a controlled substance), one of the offenses listed in the indictment, and because the government adequately assimilated the prior conviction with the continuing criminal enterprise violation. We agree with the government. The conviction admitted into evidence was for a narcotics violation occurring within the time period

with intent to manufacture, distribute or dispense a controlled substance.

Title 21 U.S.C. section 846 proscribes conspiring or attempting to commit any offense defined in Subchapter I of Chapter 13 of Title 21.

Title 21 U.S.C. section 952 prohibits importation of a controlled substance.

Title 21 U.S.C. section 963 proscribes conspiring or attempting to commit any offense defined in Subchapter II of Chapter 13 of Title 21.

**4.** For purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if—

(1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and

(2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—

(A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

(B) from which such person obtains substantial income or resources.

21 U.S.C. § 848(c) (1988).

of Martell's alleged ongoing narcotics dealings. Moreover, the record reflects that Martell had informed Hector Alvarez, one of the co-conspirators charged in Count One (conspiracy to distribute and possession with intent to distribute cocaine) and Count Two (conspiracy to import cocaine) of the indictment, of his conviction at the time Martell assumed his alias, Saul Garcia Ramos. Clearly, this evidence was highly probative of Martell's involvement in a continuing cocaine dealing enterprise and implicated Hector Alvarez as a player. Accordingly, we affirm the trial court's admission of the prior conviction.

■ Finally, Martell challenges the ten-year consecutive sentence imposed by the district court pursuant to 18 U.S.C. section 3147.[5] The court followed the sentencing guidelines pertaining to Martell's conviction under the continuing criminal enterprise, interstate travel, and financial transaction convictions, but gave no explanation for departing from the guidelines in enhancing the sentence under section 3147. The guideline applicable at the time of sentencing was section 2J1.7 of the United States Sentencing Guidelines (April 1987) which assigns a base offense level of six to commission of an offense while on release. Six more levels are added if the offense committed while on release is punishable by a term of fifteen years or more. Since the maximum term that could have been imposed under the continuing criminal enterprise count is life imprisonment, *see* 21 U.S.C. section 848(a) (1988), six levels must be added to the base level of six, totaling twelve levels.

Martell's criminal history category is then determined according to U.S.S.G. sec. 4A1.1, which requires adding three points for each prior sentence of imprisonment exceeding one year and one month and two points if the defendant committed the instant offense while under release. Since

Martell had been sentenced to three years and six months for a prior cocaine conviction, three points are added, and because he committed the instant offense while on release two more points are added, totaling five points. Accordingly, he is placed in Criminal History Category III. *See* U.S. S.G. Ch. 5, Part A (April 1987). As a category III offender with an offense level of twelve, Martell should have been sentenced to fifteen to twenty-one months in addition to and to run consecutive to his sentence of 235 months, absent reasons for an upward or downward departure. Therefore, we vacate the district court's sentence and remand so that the court can determine an appropriate sentence for Martell in connection with his commission of a felony offense while on release.

The judgment of conviction is AFFIRMED, the sentence as to committing a felony offense while on release is VACATED, and the case REMANDED for sentencing.

---

5. A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense, to—

(1) a term of imprisonment of not more than ten years if the offense is a felony; or

(2) a term of imprisonment of not more than one year if the offense is a misdemeanor.

A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

18 U.S.C. § 3147 (1988).