UNITED STATES of America, Appellee,

v.

Kreso P. BEZMALINOVIC, Defendant–Appellant.

Docket No. 00–1363.

United States Court of Appeals, Second Circuit.

July 6, 2001.

Thomas F. Liotti, Garden City, NJ, for appellant.

Peter B. Sobol, Assistant United States Attorney, Southern District of New York; Mary Jo White, United States Attorney, Southern District of New York, and Baruch Weiss, Assistant United States Attorney, on the brief, for appellee.

Present JACOBS, PARKER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be vacated and remanded in part, and in remaining part affirmed.

Kreso P. Bezmalinovic appeals from the judgment of the United States District Court for the Southern District of New York (Cedarbaum, J.) convicting him of several counts of fraud and obstruction of justice following a jury trial. Bezmalinovic and his corporation, P.C.&J. Contracting Company, bid on contracts for the removal asbestos from government owned buildings. In 1988, the Environmental Protection Agency issued a notice prohibiting Bezmalinovic from bidding on federal contracts, pending a bribery investigation. (In an unrelated case, Bezmalinovic pled guilty to paying a gratuity in violation of 18 U.S.C. § 201(c).) Bezmalinovic set up an additional company to get around this ban, and continued to bid on government projects.

On appeal, Bezmalinovic argues: i) that the district court erred in refusing his proposed jury charge on the difference between lawful acts of avoidance and unlawful acts of evasion; ii) that the district court applied the wrong version of the Sentencing Guidelines, in violation of the *ex post facto* clause; and iii) that he was denied effective assistance of counsel. Additionally, the Government notes that the district court failed to allocate the sentence among the counts of conviction as required by U.S.S.G. § 2J1.7.

i) As we stated in *United States v. Han,* 230 F.3d 560 (2d Cir.2000):

> Jury charges are reviewed *de novo.* A conviction will not be overturned for refusal to give a requested charge ... unless that [requested] instruction is legally correct, represents a theory of defense with basis in the record that would lead to acquittal, and the theory is not effectively presented elsewhere in the charge. [The defendant] cannot dictate the precise language of the charge. [I]f the substance of a defendant's request is given by the court in its own language, the defendant has no cause to complain.

*Id.* at 565 (internal citations and quotation marks omitted).

■ At trial, Bezmalinovic defended his conduct as a lawful means of organizing his business affairs so as to avoid the prohibition imposed by the EPA. Relying on an analogy to tax law, he sought a jury charge distinguishing lawful acts of avoidance from unlawful acts of evasion. The trial court concluded that Bezmalinovic's suggested charge was confusing and that its subject matter was already covered by an extensive charge on good faith and willfulness. After reviewing the district court's charge, we conclude that "the substance of a defendant's request [was] given by the court in its own language." *Id.*

■ ii) The district court increased Bezmalinovic's sentence by three levels pursuant to § 2J1.7 of the United States Sentencing Guidelines because he committed his offenses while on release pending adjudication of another charge (the bribery charge that gave rise to the EPA contracting ban). The district court applied the 1991 version of the Guidelines[1]; Bezmalinovic now argues that 1988 is the applicable version, in effect when he was on release. This matters, Bezmalinovic claims, because in the 1991 version, § 2J1.7 is an enhancement provision, while in the 1988 version, it is a separate Guideline setting forth the offense level for the related 18 U.S.C. § 3147[2], and the district court cannot use the statute (or the 1988 Sentencing Guideline) to increase the sentence of a defendant (such as Bezmalinovic) who was not charged with violating § 3147. Bezmalinovic did not raise this claim before the district court, and it is therefore waived. *See* Fed R.Crim. P. 51; *United States v. Gallerani,* 68 F.3d 611, 617 (2d Cir.1995). We review only for plain error. *See* Fed.R.Crim.P. 52(b).

We decline to address whether the district court's application of the 1991 Guidelines was plain error, as application of the 1988 Guidelines would have made no difference in the sentence. 18 U.S.C. § 3147 is an enhancement provision and need *not* be charged separately. *See, e.g., United States v. Jackson,* 891 F.2d 1151, 1152–53 (5th Cir.1989); *United States v. Feldhacker,* 849 F.2d 293, 298–99 (8th Cir. 1988); *United States v. Di Pasquale,* 864

---

1. Generally, a court applies the version of the Guidelines in effect at the time of sentencing. *See* 18 U.S.C. § 3553(a)(4)(A). However, at sentencing, both parties agreed that because of *ex post facto* concerns, the 1991 version of the Guidelines, in effect at the time of the offense, applied.

2. 18 U.S.C. § 3147:

   A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense, to—
   (1) a term of imprisonment of not more than ten years if the offense is a felony; or
   (2) a term of imprisonment of not more than one year if the offense is a misdemeanor.
   A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

F.2d 271, 279–281 (3d Cir.1988). Therefore, if the district court had proceeded under the 1988 Guidelines, it would have first calculated Bezmalinovic's sentence absent any § 2J1.7 enhancement (24–30 months), then added his sentence under 18 U.S.C. § 3147/U.S.S.G. § 2J1.7 (8–14 months)[3], and arrived at a range of 32–44 months imprisonment. As it stands, the district court applied the 1991 Guidelines and, using the § 2J1.7 enhancement, arrived at range of 33–41 months. The sentence imposed, 41 months, is permissible under either version.

iii) Bezmalinovic claims his trial counsel was constitutionally ineffective because counsel a) implied, during his closing argument a close tie between Bezmalinovic's company and the company Bezmalinovic set up to get around the EPA ban, contrary to Bezmalinovic's defense that the arrangement was a legitimate, arm's-length contractor-subcontractor relationship; b) failed to call certain "critical" witnesses; and c) prevented Bezmalinovic from testifying. After reviewing the record, we find the first two claims without merit. We decline to review the third claim because it depends upon "grounds that are not fully developed in the record." *United States v. Williams*, 205 F.3d 23, 35 (2d Cir.2000).

■ Finally, the Government points out that the district court failed to allocate the sentence among the counts of conviction as required by U.S.S.G. § 2J1.7. U.S.S.G. § 2J1.7 requires that "the court, in order to comply with the statute, ... divide the sentence on the judgment form between the sentence attributable to the underlying offense and the sentence attributable to the enhancement." U.S.S.G. § 2J1.7, cmt. (n.2). The district court here did not do so.

Though neither the defendant nor the Government raised this issue below or argued on appeal that the sentence should be vacated on this ground, it is within the discretion of an appellate court to remand to the trial court so that it can complete the sentence allocation. "[O]ur authority to remand for ... correction [is] ground in our statutory authority to 'direct the entry of such appropriate judgment, decree, or order, [and to] require such further proceedings to be had as may be just under the circumstances.'" *United States v. Burd*, 86 F.3d 285, 288–89 (2d Cir.1996) (quoting 28 U.S.C. § 2106). We therefore vacate and remand the sentence for the district court to conform the sentence and judgment with the allocation provision of U.S.S.G. § 2J1.7.

For the reasons set forth above, the judgment of the district court is hereby vacated and remanded in part, and in remaining part affirmed.

---

**3.** A sentence under 18 U.S.C. § 3147 runs consecutive to the underlying sentence, as does a sentence under the 1988 version of U.S.S.G. § 2J1.7. *See United States v. Martell*, 906 F.2d 555, 559 (11th Cir.1990) (applying 1988 version of Sentencing Guidelines); *United States v. Ogando*, No. 88 CR. 0818(RWS), 1989 WL 25159, at *3 (S.D.N.Y. March 15, 1989) (same).