**UNITED STATES of America,**
**Appellee,**

v.

**Kreso P. BEZMALINOVIC,**
**Defendant–Appellant.**

No. 02–1216.

United States Court of Appeals,
Second Circuit.

Sept. 26, 2003.

Kreso P. Bezmalinovic, Fort Dix, New Jersey, pro se.

Peter B. Sobol, Assistant United States Attorney for the Southern District of New York (James B. Comey, United States Attorney; Gary Stein, Assistant United States Attorney, on the brief), New York, New York, for Appellee.

PRESENT: FEINBERG, RAGGI, Circuit Judges, and McKENNA,[1] District Judge.

## SUMMARY ORDER

Defendant–Appellant Kreso P. Bezmalinovic was convicted after a jury trial in the Southern District of New York of conspiratorial and substantive charges of fraud and obstruction of justice and is presently incarcerated for a term of 41 months. By summary order dated July 6, 2001, we affirmed the conviction in part, rejecting Bezmalinovic's claims of (1) inadequate jury instructions, (2) misapplication of the 1991 rather than 1988 version of the Sentencing Guidelines, and (3) ineffective assistance of counsel. *See United States v. Bezmalinovic*, 14 Fed.Appx. 61 (2d Cir. 2001). Nevertheless, we also vacated in part and *sua sponte* remanded the case so that the district court could "conform the sentence and judgment with the allocation provision of U.S.S.G. § 2J1.7."[2] *Id.* at 63.

On remand, the district court followed our directive, allocating 30 months of Bezmalinovic's total sentence to the underlying offense and 11 months to the § 2J1.7 enhancement. Now appealing *pro se* from this amended judgment of conviction, Bezmalinovic does not challenge the district court's allocation. Instead, he (1) reasserts his failed argument about the application of the 1991 Sentencing Guidelines; and (2) faults the district court for (a) not ordering a new Pre–Sentence Report on remand, and (b) failing to advise him that he had a right to file another appeal. None of these arguments merits extensive discussion.

In our 2001 summary order, we rejected Bezmalinovic's complaint about the proper Guideline version applicable to his case. *See id.* at 62–63 (holding that claim was waived because not raised in the district court and declining to address issue of plain error because "application of the 1988 Guidelines would have made no difference in the sentence"). The record before us presents no compelling reasons for us to reconsider that ruling. *See United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000) (discussing law of the case doctrine as applied to courts of appeals). To the extent Bezmalinovic attempts to repackage his argument by complaining of the district court's refusal to entertain his Guideline

---

1. The Honorable Lawrence M. McKenna of the United States District Court for the Southern District of New York, sitting by designation.

2. Section 2J1.7 is the guideline that implements 18 U.S.C. § 3147 (requiring an additional, consecutive term of imprisonment for a defendant who commits the crime of conviction while on release from another federal charge) by providing for a three-level enhancement to a defendant's offense level. To ensure compliance with the statute's mandate for a consecutive sentence, Application Note 2 to the guideline instructs a sentencing court to "divide the sentence on the judgment form between the sentence attributable to the underlying offense and the sentence attributable to the enhancement." U.S.S.G. § 2J1.7, App. Note 2.

challenge on remand, we hold that the district court correctly recognized the challenge to fall outside the limited scope of our remand. *United States v. Ben Zvi,* 242 F.3d 89, 95 (2d Cir.2001) (observing that appellate court's mandate "describes the duty of the district court on remand ... and forecloses relitigation of issues expressly or impliedly decided by the appellate court") (internal quotation marks and emphasis omitted); *accord United States v. Quintieri,* 306 F.3d 1217, 1225–26 (2d Cir.2002).

As for the district court's failure to order a new Pre–Sentence Report on remand, we have repeatedly ruled that Fed. R.Crim.P. 32(c) "does not require an updated PSR in the event of *resentencing"* if, as in this case, "the parties are given a full opportunity to be heard and to supplement the PSR as needed." *United States v. Quintieri,* 306 F.3d at 1234 (and cases cited therein) (emphasis in original).

Finally, although Bezmalinovic should have been advised of his right to appeal after the district court imposed its amended sentence, *see* Fed.R.Crim.P. 32(j), the omission was harmless in this case because Bezmalinovic did, in fact, actually file an appeal. *See Soto v. United States,* 185 F.3d 48, 50 (2d Cir.1999) (and cases cited therein).

Accordingly, we hereby AFFIRM the district court's March 21, 2002 amended judgment of conviction.