Filed: April 23, 2004

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 02-4941
(CR-02-86)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ELIZABETH ANN HARWARD,

Defendant - Appellant.

O R D E R

The Court withdraws the opinion filed October 16, 2003, and files a corrected opinion this date.

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

ELIZABETH ANN HARWARD,
　　　　　*Defendant-Appellant.*

No. 02-4941

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-02-86; CR-02-353)

Submitted: November 5, 2003

Decided: April 23, 2004

Before LUTTIG, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Daniel Smith Johnson, GRACE, HOLTON, TISDALE & CLIFTON, P.A., Winston-Salem, North Carolina, for Appellant. Sandra Jane Hairston, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Elizabeth Ann Harward appeals her convictions and sentences for conspiracy to possess with intent to distribute anabolic steroids in violation of 21 U.S.C. §§ 846; 841(a)(1), (b)(1)(D) (2000) and possession with intent to distribute anabolic steroids in violation of 21 U.S.C. § 841(a)(1),(b)(1)(D) (2000). Harward's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising for the court's consideration the issue of whether the district court properly increased Harward's offense level by three levels pursuant to U.S.S.G. § 2J1.7 but stating that, in his view, there are no meritorious grounds for appeal. Harward filed a pro se supplemental brief raising the same issue as her counsel. She also challenges her sentence because she was denied an adjustment under the "safety valve", acceptance of responsibility, and a minor role adjustment, and had her offense level computed using drugs obtained during civil rights violations and/or seized from co-defendants. Finally, Harward asserts that she received ineffective assistance of counsel.

We review the district court's factual determinations concerning the application of the Sentencing Guidelines for clear error and legal conclusions de novo. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). After careful consideration, we find the preponderance of the evidence demonstrates that Harward committed a new criminal offense while on bond. Accordingly, the district court properly increased the offense level for the offense committed while on release by three levels. *See* U.S.S.G. § 2J1.7; 18 U.S.C. § 3147 (2000).

Harward asserts in her pro se supplemental brief that the district court erred in denying her an adjustment for acceptance of responsibility. The district court's determination regarding acceptance of responsibility is factual, and we review it with great deference for clear error. *U.S. Sentencing Guidelines Manual* § 3E1.1, comment. (n.5) (2000); *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999).

It is undisputed that Harward was arrested for committing a new criminal offense after being released on bond. The district court may

consider whether a defendant has voluntarily terminated or withdrawn from criminal conduct in deciding whether she has accepted responsibility. *See* U.S.S.G. § 3E1.1, comment. (n.1(b)). In light of Harward's intervening arrest, the district court did not clearly err in denying the reduction. *See United States v. Kidd*, 12 F.3d 30, 34 (4th Cir. 1993) (finding that defendant's continued criminal conduct is inconsistent with acceptance of responsibility).

In addition, Harward was found to have obstructed justice both before and after her arrest on the first charge. This obstruction of justice precluded the sentencing court from granting a reduction in Harward's offense level for acceptance of responsibility unless Harward could demonstrate that her circumstances presented an "extraordinary case." U.S.S.G. § 3E1.1, cmt. n. 4. The district court did not clearly err in determining that Harward failed to present such an extraordinary case. *See*, *United States v. Hudson*, 272 F.3d 260, 264 (4th Cir. 2001)(holding that fear that government will not recommend a downward departure is not the extraordinary case that permits the grant of acceptance of responsibility when the defendant's conduct supports an obstruction of justice finding).

Harward also avers that the district court erred by denying her an adjustment for her minor role in the offense under U.S.S.G. § 3B1.2. The district court's factual determinations concerning this adjustment are reviewed for clear error and its legal determinations de novo. *United States v. Akinkoye*, 185 F.3d 192, 201 (4th Cir. 1999). The adjustments of this section are aimed at persons who are "substantially less culpable than the average participant." *Id.* at 202. The court asks whether the defendant's conduct was material or essential to the commission of the offense. *Id.* The record reveals that Harward played a highly material role in obtaining and distributing the drugs that were the object of the conspiracy in this case. Accordingly, we find no error in the denial of the adjustment.

As for Harward's remaining challenges to her sentence, we may only review the record for plain error because Harward waived her appellate rights on these issues. A failure to properly and timely object constitutes a waiver. *United States v. Davis*, 954 F.2d 182, 186-87 (4th Cir. 1992). Only incorrect guidelines applications which amount to plain error may be reviewed on appeal. Fed. R. Crim. P.

52(b). Under this standard, Harward must show error, which was plain, that affected her substantial rights. Even then, this court will not notice the error unless it seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732, (1993). Because Harward made no objections at sentencing, she waived appellate review. Finding that the district court did not commit plain error in applying the sentencing guidelines, we affirm.

Finally, Harward claims that she received ineffective assistance of counsel. Claims of ineffective assistance of counsel are not properly raised on direct appeal unless the record conclusively reveals that the defendant's representation was defective. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). We have reviewed the record and determine that it does not conclusively establish ineffective assistance of counsel. Therefore, Harward's ineffective assistance claims are not cognizable in this direct appeal.

We have reviewed the record in accordance with *Anders* and find no meritorious issues. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may file a motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*