10-4073-cr(L), 11-683-cr (Con)
United States v. Gowing and Scheringer

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2011

(Submitted: May 17, 2012     Decided: June 6, 2012)

Docket Nos. 10-4073-cr(L), 11-683-cr (Con)

UNITED STATES OF AMERICA,

*Appellee,*

— v.—

DELMER GOWING, EMIL SCHERINGER,

*Defendants-Appellants.*

B e f o r e :

WINTER, STRAUB, and LYNCH, *Circuit Judges.*

_____

Defendants-Appellants were convicted at trial on charges arising from an

elaborate, years-long financial fraud.  Defendant Delmer Gowing continued to take

actions in furtherance of the conspiracy to defraud even after he was arrested and released

awaiting trial for that same charge.  Gowing principally argues that the district court's

application of 18 U.S.C. § 3147, which enhances the sentence of "[a] person convicted of

an offense committed while released," was error because Gowing did not commit a separate or additional offense while on release, but only continued to commit the conspiracy. Because the statute does not make such a distinction, and because Gowing's other sentencing arguments are without merit, we affirm the convictions and sentences.

AFFIRMED.

———————

Marsha R. Taubenhaus, New York, New York, *for* Delmer Gowing.

Kim P. Bonstrom, Bonstrom & Murphy, Shelter Island, New York, *for* Emil Scheringer.

Lee Renzin, Assistant United States Attorney, Brent S. Wible, Assistant United States Attorney, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

———————

PER CURIAM:

Defendants-Appellants Delmer Gowing and Emil Scheringer were convicted by jury on charges arising from their years-long, multimillion-dollar fraudulent investment scheme. In a separate summary order filed along with this opinion, we address various arguments challenging Gowing's conviction and both defendants' sentences. This opinion addresses Gowing's arguments about his sentence under 18 U.S.C. § 3147.[1]

_____

[1] Pursuant to Federal Rule of Appellate Procedure 28(i), Scheringer joins all of Gowing's arguments to the extent they are not inconsistent with his own. It is unclear whether Scheringer would be able to raise an analogous § 3147 argument, because whereas Gowing was convicted only of conspiracy, Scheringer was convicted of several additional counts of substantive wire fraud and failure to appear, which may have also supported an enhancement under § 3147. However, because we hold Gowing's argument to be without

2

First, he argues that the statute, which creates an additional penalty for "[a] person convicted of an offense committed while released," id., applies only when a person on release pending adjudication of one offense commits a different offense. Because Gowing's sentence was enhanced for continuing to engage in the charged conspiracy while on release awaiting trial for that same conspiracy, he argues that § 3147 cannot be applied to him. Second, he challenges the court's jury instructions, which he argues may have misstated the applicability of the § 3147 enhancement. Third, he argues that the district court incorrectly allocated his sentence between the underlying conspiracy charge and the § 3147 charge. We reject all three arguments.

## BACKGROUND

As defendants were convicted after trial, we recite the facts taking the evidence in the light most favorable to the verdict. E.g., United States v. Hsu, 669 F.3d 112, 114 (2d Cir. 2012).

Scheringer orchestrated a massive fraudulent scheme encompassing more than a decade in time and tens of millions of dollars in losses. Scheringer claimed to operate companies named Adlex Bent and Supreme Oil and Energy that had purchased African oil contracts. In the typical case, Scheringer told his victim that the contracts would pay off as soon as certain administrative requirements or financial obligations were satisfied.

merit, we need not consider the precise extent of Scheringer's argument. For simplicity, we will refer only to Gowing's argument.

3

Because his company supposedly already owned the contracts, Scheringer claimed there was no risk involved in investing with him. The victims' payments would purportedly be used to help resolve these administrative requirements.

Gowing learned of the investment scheme when he represented Scheringer in a fraud suit. Although initially he refused to invest personally or refer others to the scheme, eventually he helped solicit funds from victims, knowing that the scheme was fraudulent. At sentencing, the court determined that Gowing's involvement as a co-conspirator had begun at the latest in January of 2004, when he brought a particular victim into the case.

Scheringer was arrested in 2005 and was later released pending trial. Gowing was indicted in June of 2006 and was arrested and released on bail. In calls recorded by the government in 2008, Gowing and Scheringer spoke about obtaining more money from victims. As trial approached, Gowing continued to engage in acts to further the fraudulent scheme. The co-defendants also spoke to each other on the phone after Scheringer's release was revoked and he was detained in June 2009. In the calls, recorded by the government just weeks before the September 2009 trial, Gowing detailed to Scheringer his efforts to continue to raise money from victims.

## DISCUSSION

Because the applicability of § 3147 is a legal determination to which Gowing objected below, this Court reviews the district court's conclusion de novo. E.g., United States v. Weingarten, 632 F.3d 60, 63-64 (2d Cir. 2011).

4

Gowing argues principally that 18 U.S.C. § 3147 applies only when a defendant on release for one crime commits a second, distinct crime. The section cannot apply, he contends, when a defendant is arrested and released pending trial for a crime and then continues to commit that same crime while on release. Gowing's argument is based primarily on background commentary to United States Sentencing Guidelines § 3C1.3, which states that "[a]n enhancement under 18 U.S.C. 3147 applies . . . when a defendant is sentenced for an offense committed while released in connection with *another* federal offense" (emphasis supplied). Gowing also points out that, in a parenthetical in a footnote in an unpublished order, this Court stated that § 3147 requires "an additional, consecutive term of imprisonment for a defendant who commits the crime of conviction while on release from another federal charge." United States v. Bezmalinovic, 76 F. App'x 375, 376 n.2 (2d Cir. 2003). He also cites similar language in out-of-Circuit cases. See United States v. Dadi, 235 F.3d 945, 955 (5th Cir. 2000); United States v. Harward, 94 F. App'x 998, 999 (4th Cir. 2004) (unpublished).

Our interpretation begins, however, not with secondary authority, but with the text of § 3147. That provision, titled "Penalty for an offense committed while on release," states, in full,

> A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense, to –
>     (1) a term of imprisonment of not more than ten years if the offense is a felony; or

5

> (2) a term of imprisonment of not more than one year if the offense is a misdemeanor.
>
> A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

18 U.S.C. § 3147.  The text makes clear that § 3147 is applicable whenever "[a] person" is "convicted of an offense committed while released" within the meaning of Chapter 207 of Part II of Title 18.  (Chapter 207 includes 18 U.S.C. §§ 3141-3160; relevant here are §§ 3141-3143, which govern release pending trial, sentence, or appeal.)  The statute in no way indicates that the offense committed while on release must be a separate or second offense.  Thus, the plain text of the statute is contrary to Gowing's reading.

The legislative history, which in any event could not trump the plain meaning of the text, see Garcia v. United States, 469 U.S. 70, 75 (1984) ("[O]nly the most extraordinary showing of contrary intentions from [legislative history] would justify a limitation on the 'plain meaning' of the statutory language."), does not indicate that Congress did not intend the enhanced punishment under § 3147 when the offender has continued to commit the same crime.  As noted in the Senate Report,

> Section 3147 is designed to deter those who would pose a risk to community safety by committing another offense when released under the provisions of this title and to punish those who indeed are convicted of another offense.  This section enforces the self-evident requirement that any release ordered by the courts include a condition that the defendant not commit another crime while on release.  Given the problem of crime committed by those on pretrial release this requirement needs enforcement.

6

S. Rep. No. 98-225, at 34 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3217; see also United States v. Rodriguez, 794 F.2d 24, 26 (2d Cir. 1986) ("The legislative history [of § 3147] reflects a clear Congressional intent to address the problem of the escalating number of crimes perpetrated during the pre-trial release period."). Though it is of course true that the Senate Report refers to "committing *another* offense" and "a condition that the defendant not commit *another* crime," Gowing offers no reason to believe that Congress meant this in a narrow or technical way. A defendant who continues to engage in an ongoing conspiracy has committed another criminal *act*, even if he is not chargeable with a second offense for the continuation of the conspiracy. The goals announced in the Report – deterring and punishing further criminal actions by those on release, which both protects the public and reinforces the rule of law and the authority of courts – are equally applicable when a defendant on pretrial release continues the same criminal offense for which he was arrested.

Gowing's citations to cases do not alter our analysis. He points us to no case, within this Circuit or without, in which a court rejected the application of § 3147 when a defendant continued to commit the same offense. The stray remarks that Gowing does cite are properly considered dictum. For example, in Bezmalinovic, the defendant "committed his offenses while on release pending adjudication of another charge," as we made clear in an earlier appeal in the case. United States v. Bezmalinovic, 14 F. App'x 61, 63 (2d Cir. 2001) (unpublished). Similarly, in Dadi, the Fifth Circuit expressly noted

7

that it was "not controverted" that "Dadi committed this offense while on release on another federal charge." 235 F.3d at 955. Equally inapposite is Gowing's citation to United States v. Lara, 975 F.2d 1120, 1128 (5th Cir. 1992), in which the court considered whether the sentencing enhancement that implements § 3147 should be applied to the charge on which the defendant had been released or to the new crime. In that case, the defendant had committed a new, separate crime, id., and that court was not asked to decide the instant issue.

Similar analysis disposes of Gowing's argument based on the Guidelines commentary. As an initial matter, we doubt that the Sentencing Commission's remarks in the "Background" section of an application note constitute an attempt to interpret the full scope of § 3147. More likely, the Commission was simply attempting to explain in straightforward language the usual application of § 3147 and the Guideline sections that implement it. It is surely true that the great majority of § 3147 applications are premised on "another federal charge," U.S.S.G. § 3C1.3 cmt. background, in the sense of a separate and distinct charge. But this does not mean the section cannot apply when the defendant continues to commit the crime for which he has been charged and released pending trial.

But whatever the Commission intended, the background commentary has no legal authority in this case. To the extent that the Guidelines or an application note or commentary interpreting them conflict with a statute, we must follow the statute. The Sentencing Commission, which promulgates the Guidelines, is entitled to no deference

8

when it interprets criminal *statutes*. See, e.g., DePierre v. United States, 131 S.Ct. 2225, 2236 (2011) ("We have never held that, when interpreting a term in a criminal statute, deference is warranted to the Sentencing Commission's definition of the same term in the Guidelines."); United States v. Palacio, 4 F.3d 150, 155 (2d Cir. 1993) ("[U]nless the Sentencing Commission is construing its own authority as an agency, its view of the substantive meaning of a criminal statute is unlikely to be entitled to any deference." (internal citations omitted)).

We thus conclude that § 3147 does apply to enhance the sentence of a person who continues to commit, while on release, the same crime for which he is awaiting trial. Such a person, in the plain language of the statute, has been "convicted of an offense committed while released" pending trial. The district therefore court properly applied § 3147 to enhance Gowing's sentence.

Having found § 3147 applicable to Gowing's case, we turn to two related arguments.[2] First, Gowing argues that the jury did not find that he continued to commit the conspiracy while on "release[]," the term used in § 3147, but rather that it only found that he committed the conspiracy after he was charged. Gowing was briefly incarcerated for civil contempt in an unrelated case after the charge in this case,[3] and Gowing argues

---

[2] To the extent that Scheringer joins in either of Gowing's remaining arguments, we find his claims meritless for the same reasons we reject Gowing's.

[3] Further factual background on these proceedings, which is relevant to an evidentiary argument that Gowing also makes on this appeal, is presented in our accompanying summary order.

that based on the jury questions, the jury might have found that he continued to commit the conspiracy only during this window, which (he argues) was not a period of "release[]." Thus, according to Gowing, the jury charge violates the rule of Apprendi v. New Jersey, 530 U.S. 466 (2000).

Gowing's argument, however, is not in the ordinary sense a claim of Apprendi error. The district court submitted the § 3147 charge to the jury, and properly required the jury to find all of the elements of that offense, as it was required to do. See United States v. Confredo, 528 F.3d 143, 153-56 (2d Cir. 2008) (recognizing that § 3147 is subject to Apprendi because it "exposes the defendant to the risk of a sentence that exceeds the statutory maximum"). Gowing's claim is really an argument – never made to the district court – that the court should have instructed the jury that Gowing should not be considered "released" for purposes of § 3147 during a period when he was jailed for contempt by a different court in an unrelated civil case. The claim is without merit.

Because he did not raise this objection before the district court, it is reviewable only for plain error. E.g., Hsu, 669 F.3d at 118. Assuming for the sake of argument that Gowing could show error,[4] he has offered no further argument or evidence that the error affected his substantial rights – that is, that the jury might have reached a different conclusion based on the evidence presented at trial. See Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to

---

[4] Although Gowing's brief does not mention the point, it appears that his bail in this case was indeed revoked during the period of his unrelated civil confinement.

10

the court's attention."); <u>United States v. Olano</u>, 507 U.S. 725, 734 (1993) ("In most cases, a court of appeals cannot correct the forfeited error unless the defendant shows that the error was prejudicial.").  Neither Gowing's nor the government's summation made any mention of Gowing's brief civil confinement as a basis for finding or rejecting the § 3147 enhancement, or addressed whether any of the evidence of Gowing's continued involvement in the charged conspiracy concerned acts committed while Gowing was jailed for contempt.  And the government offered ample evidence of Gowing's continuing involvement in the scheme after his arrest but outside of the three-month period of confinement – for example, the flows of money into his account later in 2008, and recorded incriminating calls between Gowing and Scheringer in the weeks before trial.  Gowing's claim of error amounts to unsupported speculation, and we therefore reject it.

Second, Gowing attacks the allocation of his sentence between the underlying conspiracy offense and § 3147.  After applying the 3-level enhancement found at USSG § 3C1.3, which implements § 3147, the district court calculated Gowing's Guidelines range as 235 to 293 months.  The court selected 264 months as the total sentence, and then apportioned the sentence as follows:  240 months to the conspiracy, and an additional consecutive 24 months for § 3147.  Gowing argues that this allocation violates the procedure set forth in <u>United States v. Stevens</u>, 66 F.3d 431, 436 (2d Cir. 1995), which would require allocating less of the sentence to the conspiracy charge and more to

11

§ 3147, without changing the overall sentence. Gowing, however, did not make this argument below, and it is therefore reviewable only for plain error.

As an initial matter, Gowing's claim of error is dubious (and hardly "plain") given two developments since <u>Stevens</u>: the end of mandatory Guideline sentencing after <u>United States v. Booker</u>, 543 U.S. 220 (2005), and the Commission's apparent rejection, in 2009 amendments, of our holding in <u>Stevens</u>. <u>See</u> U.S.S.G. app. C, vol. III, Amend. 734 (2009) (mentioning <u>Stevens</u>, but rejecting its holding because "only one guideline range applies" to a defendant). But even assuming for the sake of argument that Gowing could show error, he has once again not articulated how that error affected his substantial rights, given that his overall sentence is unaffected by the asserted error. <u>See</u> <u>Olano</u>, 507 U.S. at 734-35. We therefore decline to consider this claim of error.

## CONCLUSION

We have considered all of Gowing's and Scheringer's arguments and found them to be without merit. The judgments of the district court are therefore AFFIRMED.