12-4599-cr
United States v. Spruiel

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand fourteen.

PRESENT:  REENA RAGGI,
          DENNY CHIN,
          SUSAN L. CARNEY,
                    *Circuit Judges.*
----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Appellee*,

                    v.                                          No. 12-4599-cr

LONNIE SPRUIEL, AKA SEALED DEFENDANT #4,
                    *Defendant-Appellant,*

MARK CAESAR, AKA SEALED DEFENDANT #1, DWAYNE BODY, AKA SEALED DEFENDANT #2, KEYFA SAMPSON, AKA SEALED DEFENDANT #3, DARNELL WASHINGTON, AKA SEALED DEFENDANT #5, DERRICK CAMPBELL, AKA SEALED DEFENDANT #6, DARLEEN SAMPSON, AKA SEALED DEFENDANT #7, ALPHONSO RAY, AKA SEALED DEFENDANT #8, SHAQUAIL HARRIS, AKA SEALED DEFENDANT #9, FABRICE LOWE, CHENANGO COUNTY SHERIFF'S OFFICE 279 CO.

1

RD. 46 NORWICH, NY 13815, AKA SEALED DEFENDANT #10, LAKEYA SLADE, AKA SEALED DEFENDANT #11, TYMEN SAMPSON, AKA SEALED DEFENDANT #12, and DAVID MANEY, AKA SEALED DEFENDANT #13,

*Defendants.*[*]

---------------------------------------------------------------------------

APPEARING FOR APPELLANT:    PETER J. TOMAO, ESQ., Garden City, New York.

APPEARING FOR APPELLEE:     BRENDA K. SANNES (John M. Katko, Elizabeth S. Riker, *on the brief*), Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 6, 2012, is AFFIRMED.

Defendant Lonnie Spruiel stands convicted on a guilty plea of two counts of conspiring to possess with intent to distribute and to distribute heroin, see 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C), 846, and one count of conspiring to commit money laundering, see 18 U.S.C. § 1956(a)(1)(B)(i), (h). On appeal, Spruiel challenges the procedural reasonableness of his 136-month prison sentence, a downward departure from his Guidelines range of 235 to 293 months, arguing that the district court erroneously applied sentencing enhancements for (1) his supervisory position in the money laundering

[*] The Clerk of Court is directed to amend the official caption as shown above.

2

scheme, see U.S.S.G. § 3B1.1(c); and (2) his involvement of a minor in the underlying narcotics conspiracy, see id. § 2D1.1(b)(14).  In reviewing the district court's Guidelines calculation de novo and its factual determinations for clear error, see United States v. Desnoyers, 708 F.3d 378, 385 (2d Cir. 2013), we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Supervisory-Role Enhancement

Spruiel does not dispute the district court's factual finding that he directed his domestic partner, Lakeya Slade, to secure a safe deposit box and repeatedly to deposit narcotics proceeds therein to conceal them from law enforcement.  These circumstances warrant a supervisory-role enhancement.  See U.S.S.G. § 3B1.1(c) (applying two-level enhancement where "defendant was an organizer, leader, manager, or supervisor in any criminal activity" that involved fewer than five people and was not otherwise extensive); United States v. Szur, 289 F.3d 200, 218–19 (2d Cir. 2002) (upholding § 3B1.1(c) enhancement for money laundering offense where defendant "was responsible for instructing [others] how the [illicit] transfers were to be made" (internal quotation marks omitted)).

In urging otherwise, Spruiel asserts that "[n]o aggravating role should be assigned for such a simple interaction between intimate partners."  Appellant's Br. 21.  But there is no per se rule that a role enhancement cannot apply to a defendant's supervision over his

spouse or domestic partner, particularly where, as here, Slade repeatedly followed Spruiel's money laundering directives. See U.S.S.G. § 3B1.1(c) (directing application of enhancement without qualification); cf. United States v. McGregor, 11 F.3d 1133, 1139 (2d Cir. 1993) (reversing role enhancement because § 3B1.1(c) was not intended to apply to "[o]ne isolated instance of a drug dealer husband asking his wife to assist him in a drug transaction").

Accordingly, Spruiel's challenge to the application of U.S.S.G. § 3B1.1(c) fails on the merits.

2.      Enhancement for Use of a Minor

Spruiel asserts that a U.S.S.G. § 2D1.1(b)(14) enhancement for use of a minor in the narcotics crime underlying his money laundering conspiracy was unwarranted, see id. § 2S1.1(a)(1).

At the outset, we note that we review this challenge for plain error. See Fed. R. Crim. P. 52(b). Although Spruiel objected before the district court to the application of a § 2D1.1(b)(14) enhancement, he did so only on the ground that he did not qualify for any supervisory-role enhancement. He did not advance the present argument that § 2D1.1(b)(14) applies only where a defendant occupies an aggravated role in the underlying drug offense. Thus, we will only vacate Spruiel's sentence on this ground if "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case

4

means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Marcus, 560 U.S. 258, 262 (2010) (internal quotation marks and alteration omitted).

Section 2D1.1(b)(14) provides a two-level enhancement in the base offense level of a drug crime if "the defendant receives an adjustment under § 3B1.1 (Aggravating Role) and the offense involved 1 or more of the following factors[, including] (B) [t]he defendant, knowing that an individual was (i) less than 18 years of age, . . . involved that individual in the offense." U.S.S.G. § 2D1.1(b)(14). Spruiel does not contest that he involved a minor in the underlying heroin trafficking. Rather, he asserts that a § 2D1.1(b)(14) enhancement applies only where a defendant is subject to a role enhancement for his status in the drug crime. Because the district court's supervisory role finding pertained to the money laundering scheme, Spruiel thus argues that a § 2D1.1(b)(14) enhancement was in error.

Assuming arguendo that we were to agree with Spruiel's identification of error, he fails to demonstrate that the error was plain. See United States v. Tarbell, 728 F.3d 122, 126 (2d Cir. 2013) (stating that, "to be plain, an error of the district court must be obviously wrong in light of existing law" (internal quotation marks and alteration omitted)). Certainly, he cites no clear supporting precedent. Further, the Guideline's language does not expressly limit the role enhancement as Spruiel urges. See U.S.S.G. § 2D1.1(b)(14) (stating without qualification that defendant must "receive[] an adjustment under § 3B1.1

5

(Aggravating Role)" (emphasis added)); cf. id. § 2D1.1(b)(14)(B) (stating that defendant must "involve [the minor] in the offense" (emphasis added)).  Indeed, the issue is particularly complicated where, as here, the 2D1.1 Guideline only informs calculation of the money laundering Guideline, see id. § 2S1.1(a)(1), for which Spruiel's criminal activity warranted a supervisory-role enhancement for reasons already explained.

Moreover, Spruiel cannot satisfy the third and fourth prongs of plain error analysis because the record, in any event, strongly supports a § 3B1.1 enhancement for Spruiel's role in the underlying narcotics crime.  See United States v. Gowing, 683 F.3d 406, 411–12 (2d Cir. 2012) (concluding no plain error where sentence unaffected by asserted error).

Accordingly, we reject Spruiel's challenge to the application of U.S.S.G. § 2D1.1(b)(14) because the error, if any, was not plain.

We have considered Spruiel's remaining arguments and conclude that they are without merit.  We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court