[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14817
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-00224-VEH-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRI MCGUIRE MOLLICA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 30, 2016)

Before MARTIN, JULIE CARNES, and EDMONDSON, Circuit Judges.

PER CURIAM:

Terri McGuire Mollica appeals her 28-month total sentence of imprisonment, imposed after she pleaded guilty to one count of unlawful use of a communication facility to commit a felony, in violation of 21 U.S.C. § 843(b), and received a statutory enhancement pursuant to 18 U.S.C. § 3147 for committing that offense while on bond.  She argues that her total sentence was substantively unreasonable because the district court improperly implemented the division of sentences required by 18 U.S.C. § 3147 and U.S.S.G. § 3C1.3.  She also argues that her total sentence, which included a 100% upward variance, was substantively unreasonable.

I.

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007).  The commentary and application notes of the Sentencing Guidelines are authoritative unless we determine that they "violate[] the Constitution or a federal statute, or [are] inconsistent with, or a plainly

2

erroneous reading of, that guideline." *Stinson v. United States,* 508 U.S. 36, 38, 113 S. Ct. 1913, 1915, 123 L. Ed. 2d 598 (1993).

Federal law states that a person who commits a felony while released on bond pending another criminal process shall have their sentence enhanced by up to ten years, which must be entered as a separate, additional sentence that must run consecutively to all other sentences imposed. 18 U.S.C. § 3147(1). Section 3C1.3 of the Sentencing Guidelines states that if an enhancement under § 3147 applies, the offense level should be increased by three. U.S.S.G. § 3C1.3. The Sentencing Guidelines commentary states that a district court should first determine the total sentence it will impose, in accordance with the guideline range. U.S.S.G. § 3C1.3 comment. (n.1). After determining the total sentence, the district court should then divide the sentence "between the sentence attributable to the underlying offense and the sentence attributable to the enhancement." *Id.*

We have not previously addressed how much of a total sentence a court can apportion to a separate sentence imposed under 18 U.S.C. § 3147 and U.S.S.G. § 3C1.3. In *United States v. Martell*, 906 F.2d 555 (11th Cir. 1990), we vacated a sentence when the district court imposed the full ten year enhancement under § 3147 without providing a justification for doing so on the record. *Id.* at 559. *Martell* is distinguishable, however, because it involved a previous version of the

3

guidelines, which contemplated a base offense level for a violation of § 3147, instead of the current system. *See id*.

In 2009, the Sentencing Commission amended § 3C1.3 by adding examples to the commentary to help clarify how to divide the sentence. *See* U.S.S.G. App. C, amend. 734.; U.S.S.G. § 3C1.3 comment. (n.1) ("Similarly, if the applicable adjusted guideline range is 30-37 months and the court determines a 'total punishment' of 30 months is appropriate, a sentence of 24 months for the underlying offense plus 6 months under 18 U.S.C. § 3147 would satisfy this requirement."). As part of its reason for the amendment, the Sentencing Commission stated its view that, in cases involving a separate sentence under § 3147, the court should divide the sentence between the underlying offense and the § 3147 enhancement "as the court considers appropriate." U.S.S.G. App. C, amend. 734.

We agree with the Sentencing Commission that courts are not limited to the amount attributable to the three-level enhancement when dividing a sentence pursuant to 18 U.S.C. § 3147. Still, they must consider the general 18 U.S.C. § 3553(a) sentencing factors when deciding how much of a sentence to attribute to the § 3147 enhancement. The district court did so here. The instant offense was directly related to the judicial proceedings for which Mollica was released on bond: the victims were a co-conspirator and the spouse of a prosecutor. Thus, the

district court's finding that the instant offense was an attempt to interfere with those judicial proceedings was supported by the record.  Because the sentence for the underlying crime is set to run concurrent to the sentence that Mollica will receive for her fraud convictions, the district court included the 14-month sentence imposed consecutively under § 3147 to send a message against this kind of behavior.  Thus, the nature of the offense and the need to uphold the law and integrity of judicial proceedings both point in the direction of a large enhancement.

The district court did not abuse its discretion when it imposed a substantial sentencing enhancement pursuant to 18 U.S.C. § 3147: a large enhancement was justified based on the § 3553(a) sentencing factors.

II.

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall*, 552 U.S. at 41, 128 S. Ct. at 591.  The party who challenges the sentence bears the burden to show that the sentence is unreasonable given the seven § 3553(a) factors and the record.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  The district court must consider all the factors, but it is allowed to attach greater weight to one factor over the others.  *United States v. Shaw,* 560 F.3d 1230, 1237 (11th Cir. 2009).  "While the district

5

court making such an upward variance must have a justification compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review," we will only vacate a sentence as substantively unreasonable if the district court "committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012). A sentence imposed outside the Guidelines range is not automatically presumed to be unreasonable; no rigid mathematical formula determines the strength of the justifications necessary for a particular degree of variance. *Gall,* 552 U.S. at 47, 128 S. Ct. at 595. *See also Early*, 686 F.3d at 1222-23 (11th Cir. 2012) (upholding a 116% upward variance based on defendant's criminal history and need for deterrence, to protect society and to promote respect for the law); *Shaw*, 560 F.3d at 1241 (upholding a 224% upward variance based on defendant's criminal history and need for deterrence, to protect society and to promote respect for the law); *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007) (upholding a 281% upward variance). In addition, a sentence that is substantially below the maximum statutory penalty is a large indicator that the sentence is reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Upon review of the record and the parties' briefs, we affirm.

6

The total sentence of 28 months is substantively reasonable.  The district court properly considered the section 3553(a) factors when imposing a substantial upward variance. The victims of the instant offense were a co-conspirator and the spouse of a prosecutor that were involved in Mollica's fraud and money laundering conviction.  The district court noted the nature and circumstances of the offense indicated that the offense was conducted in a calculating and sophisticated way, in an attempt either to intimidate or to retaliate against a co-conspirator and a prosecutor trying her case.  The district court also noted a need to uphold the law and adequately to deter criminal conduct of an intimidating or vindictive nature. The nature of the offense and the need to uphold the law and integrity of judicial proceedings both point in the direction of a large enhancement.  Furthermore, the resulting sentence was 28 months, which is substantially below the statutory maximum of 48 months.  *See id.*

**AFFIRMED.**

MARTIN, Circuit Judge, concurring:

I agree with the majority that under the binding precedent of this Court, when the District Court sentenced Ms. Mollica to 28 months in prison, even though it was twice as long as the top of Ms. Mollica's properly calculated guideline range of 8 to 14 months, it did not impose a substantively unreasonable sentence.

However, I write separately to emphasize the importance of abiding by the Supreme Court's directive to "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance" in upward-departure cases like this. Gall v. United States, 552 U.S. 38, 50, 128 S. Ct. 586, 597 (2007). As the Supreme Court cautioned us, "a major departure should be supported by a more significant justification than a minor one," and it is the duty of our Court and the District Court to carefully ensure that a strong justification has been provided when a departure as large as this one has occurred. Id.

I concur in the judgment of the majority.

8